J-S23038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| MICHAEL THOMPSON, | : | |
| Appellant | : | No. 2077 EDA 2014 |

Appeal from the Judgment of Sentence Entered October 21, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0013617-2012

BEFORE:    DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 4, 2015**

Michael Thompson (Appellant) appeals from the judgment of sentence entered following his convictions for simple assault and recklessly endangering another person (REAP).  Specifically, Appellant challenges the denial of his post-sentence motion to withdraw his plea of *nolo contendere*.  We affirm.

The trial court summarized the history of this case as follows.

[Appellant] was charged with, *inter alia*, unlawful contact with minor - sexual offenses, dissemination of photo/film of child sex acts, and indecent assault w/o consent of other.  These charges were lodged against [Appellant] as a result of an incident that occurred on August 7, 2012, during which [Appellant] gave a beer to his sixteen year-old cousin and then commented about her body, after which he then placed his fingers inside her panties, about one inch from her vagina, without her consent at his home after giving her a ride from school.  While inside [Appellant's] home, the victim observed photographs of young women who were possibly under the age of eighteen on [Appellant's] computer.  The victim reported the incident and

*Retired Senior Judge assigned to the Superior Court.

what she observed to authorities who obtained a search warrant for [Appellant's] computer. The search of the computer uncovered several photographs of children under the age of eighteen depicted in a sexualized manner and engaging in sex acts.

[Appellant] appeared before [the trial court] on October 21, 2013, and immediately prior to the commencement of jury selection entered a negotiated plea of *nolo contendere* to the above listed charges. In exchange for his plea the Commonwealth agreed to recommend that a sentence of seven and one-half to fifteen years' incarceration be imposed on [Appellant]. The Commonwealth advised [Appellant] that it would not be seeking a Megan's Law assessment as to whether he was a sexually violent predator because [Appellant] was subject to life time registration due to a prior conviction.

After [Appellant] completed a colloquy form with the assistance of counsel and [the trial court] conducted a colloquy of [Appellant], [the trial court] accepted [Appellant's] guilty plea and imposed the recommended sentence. On October 29, 2013, [Appellant] filed a motion to withdraw his guilty plea. Said motion was heard and denied on March 25, 2014. [Appellant] did not file an appeal after his motion was denied.

On April 25, 2014, [Appellant] filed a petition under the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, seeking an order permitting him to file a notice of appeal *nunc pro tunc*. Said petition was granted on July 21, 2014, following which [Appellant] filed a timely notice of appeal and a Pa.R.A.P. 1925(b) Statement of Matters.

Trial Court Opinion, 8/21/2014, at 1-2 (citations and unnecessary capitalization omitted).

On appeal, Appellant presents one question for this Court's review:

"Should the fairness and justice standard apply to a post-sentence motion to withdraw a plea of *nolo contendere* where there is no danger for abuse or

substantial prejudice to the Commonwealth?" Appellant's Brief at 4

(unnecessary capitalization omitted).

Our standard of review is as follows.

> [A]fter the court has imposed a sentence, a defendant can withdraw his [*nolo contendere*] plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of [] pleas as sentencing-testing devices.
> …
> To be valid, a [*nolo contendere*] plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading [*nolo contendere*]; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a [*nolo contendere*] plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations

and quotation marks omitted; footnote added).[1]

---

[1] Although the Court in *Prendes* discussed withdrawal of a guilty plea, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Kepner*, 34 A.3d 162, 166 n.6 (Pa.

Appellant argues that this Court should "revisit a long-standing framework for deciding motions to withdraw guilty pleas." Appellant's Brief at 10. Appellant acknowledges our aforementioned, well-settled standard of review for an appeal from the denial of a post-sentence motion to withdraw a guilty plea after sentencing, but contends that this Court should apply the more liberal standard of review for a pre-sentence withdrawal of a guilty plea[2] when a negotiated sentence has been imposed. Specifically, Appellant "asks this Court to hold that a post-sentence motion to withdraw a plea should be liberally granted in cases where danger for abuse is absent." ***Id***. at 11.

---

Super. 2011) (quoting ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa. Super 2002)).

[2]

> In the seminal case of ***Commonwealth v. Forbes***, 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court set forth the standard for determining when a motion to withdraw a guilty plea prior to sentencing should be granted. The Court stated that "[a]lthough there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." 450 Pa. at 190, 299 A.2d at 271. The Court then outlined the now well-established two prong test for determining when to grant a pre-sentence motion to withdraw a plea: (1) the defendant has provided a "fair and just reason" for withdrawal of his plea; and (2) the Commonwealth will not be "substantially prejudiced in bringing the case to trial." ***Id***.

***Commonwealth v. Muhammad***, 794 A.2d 378, 382-83 (Pa. Super. 2002).

"It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court." **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006). Moreover, "[w]here the Supreme Court has spoken on a particular subject, it is our obligation as an intermediate appellate court to follow the dictates of our Supreme Court, absent a legally relevant distinction." **Estate of Hicks v. Dana Companies, LLC**, 984 A.2d 943, 968 (Pa. Super. 2009).

Thus, we hold the trial court did not err or abuse its discretion in denying Appellant's post-sentence motion to withdraw his plea of *nolo contendere*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/4/2015