**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON WADE MORAGNE-EL | : | |
| | : | No. 1793 MDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence October 5, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0002221-2014

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 27, 2017**

Brandon Wade Moragne-El appeals from the judgment of sentence entered on October 5, 2016, in the Franklin County Court of Common Pleas. The trial court imposed a term of seven to 14 years' imprisonment, following Moragne-El's negotiated guilty plea to possession with intent to deliver heroin ("PWID").[1]  On appeal, Moragne-El contends the trial court erred in denying his pre-sentence motion to withdraw his guilty plea.  For the reasons below, we affirm.

The trial court set forth the background surrounding the matter as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 780-113(a)(30).

In criminal action 2213-2014, [Moragne-El] is charged with two counts of delivery of a controlled substance (heroin)[2] and two counts of criminal use of a communication facility[3] for allegedly selling heroin to a confidential informant on August 27, 2013, and August 29, 2013. In criminal action 2214-2014, [Moragne-El] is charged with one count of delivery of a controlled substance (heroin), one count of criminal use of a communication facility, and one count of possession with intent to deliver (heroin)[4] for allegedly selling heroin to a confidential informant on May 27, 2014, and having additional quantities of heroin on his person during a search incident to arrest on the same date. In criminal action 2221-2014, [Moragne-El] faces two counts of possession with intent to deliver (heroin/cocaine) based on a search of [Moragne-El] incident to arrest on October 9, 2014. He also faces one count of tampering with or fabricating physical evidence[5] for allegedly attempting to destroy evidence of controlled substances hidden on his person when he was taken into custody on October 9, 2014.

_____

[2] 35 P.S. § 780-113(a)(30)[.]

[3] 18 Pa.C.S.A. § 7512(a)[.]

[4] 35 P.S. § 780-113(a)(30)[.]

[5] 18 Pa.C.S.A. § 4910(1)[.]

_____

[Moragne-El]'s case has taken a long and arduous path from mandatory arraignment on December 30, 2014, through many trial terms to reach this point. This Court has written two prior Opinions (October 30, 2015 and April 5, 2016) recounting the procedural history of these matters thus far. These prior Opinions will be incorporated into this Opinion by reference. Throughout the pendency of these matters, [Moragne-El] has at various times been represented by counsel and represented himself.

Most recently, on September 8, 2016, [Moragne-El]'s case was scheduled for pre-trial conference. Rather than prepare [Moragne-El]'s case for trial in the upcoming September trial term, and after a near three hour delay, a plea agreement was

negotiated resolving all of [Moragne-El]'s pending cases as well as uncharged offenses.

[Moragne-El], with the assistance of counsel, knowingly and voluntarily entered a plea of guilty in case number 2221-2014 to count 1, possession with intent to deliver heroin, an ungraded felony. An on-the-record colloquy was conducted by both the assistant district attorney and this Court. [Moragne-El]'s guilty plea was tendered in exchange for the dismissal of all remaining counts at case number 2221-2014, and all counts in case numbers 2213-2014 and 2214-2014. In addition, [Moragne-El]'s plea agreement with the Commonwealth provided that [Moragne-El] receive a sentence of seven years to [14] years in a state correctional institution to be served concurrently with a sentence imposed by the Federal Court that [Moragne-El] is now serving. Further, the Commonwealth agreed to forego the filing of additional charges against [Moragne-El] for [his] alleged actions toward the confidential informants in his cases and his threat to cause physical harm to his prior counsel. Finally, in order to facilitate the plea agreement's term for concurrent sentences, this Court, upon the request and agreement of counsel modified [Moragne-El]'s bail in case number 2214-2014 from $200,000 secured to $200,000 unsecured, effectively making [Moragne-El] a primarily federal inmate, rather than a state inmate. This Court would have imposed sentence on September 8, 2016, as the plea agreement was acceptable to the Court. However, sentencing was set for September 15, 2016, to permit the parties to accurately calculate [Moragne-El]'s credit for time previously served.

Prior to the imposition of sentence on September 15, 2016, and unbeknownst to his counsel, [Moragne-El] made an oral motion to withdraw his plea. [Moragne-El]'s request to withdraw his guilty plea is based on: 1) his assertion of innocence; 2) his belief that a conviction from the State of Maryland does not preclude the imposition of a RRRI minimum sentence; and 3) his conversation with his sister after the entry of his plea.

Trial Court Opinion, 10/3/2016, at 1-3.[2]

_____

[2] It appears that because of the plea agreement, Moragne-El only appealed from Criminal Docket 2221-2014, and not Criminal Dockets 2213-2014 and

On October 3, 2016, the court denied Moragne-El's motion to withdraw his guilty plea. Two days later, the court sentenced him to a term of seven to 14 years' imprisonment at Criminal Docket 2221-2014. The court also issued orders regarding forfeiture of certain property as per the plea agreement on October 5 and 10, 2016.[3] This appeal followed.[4]

In his sole issue on appeal, Moragne-El contends the trial court erred in denying his pre-sentence motion to withdraw his guilty plea based on the reasons he offered the court: (1) his assertion of innocence; (2) his belief that his prior burglary conviction did not make him ineligible for a Recidivism Risk Reduction Incentive (RRRI)[5] sentence; and (3) he spoke with his sister

---

2214-2014. Furthermore, neither the docket nor the certified record contains the April 5, 2016, opinion that the trial court refers to in its restatement of the case background. It appears, that opinion discusses Moragne-El's efforts to secure nominal bail. *See* Trial Court Opinion, 10/3/2016, at 6 n.7.

[3] On October 5, 2016, the court ordered that $6,164.00 in United States currency and a 1999 Lincoln Town Car be seized from Moragne-El pursuant to 42 Pa.C.S. § 6801, *et seq*. On October 10, 2016, the court ordered that Moragne-El forfeit an additional $2,392.00 in United States currency, that same Lincoln vehicle with an updated VIN number, and three cellular phones.

[4] On October 31,2016, the trial court ordered Moragne-El to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Moragne-El filed a concise statement on November 18, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 20, 2016, relying on its October 3, 2016, opinion that denied Moragne-El's motion to withdraw his guilty plea.

[5] *See* 61 Pa.C.S. §§ 4501-4512.

who said that he should not have pled guilty to a crime he did not commit. Moragne-El's Brief at 17.

It is well-settled the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **Commonwealth v. Elia**, 83 A.3d 254, 261-262 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014). A a pre-sentence motion to withdraw is decided under a liberal standard. **Commonwealth v. Kpou**, 153 A.3d 1020, 1022 (Pa. Super. 2016). Pursuant to Pennsylvania Rule of Criminal Procedure 591:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A).

In the seminal decision **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), the Pennsylvania Supreme Court first defined the parameters for granting a pre-sentence motion to withdraw:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'

**Id.** at 271 (internal citations omitted).

After the **Forbes** decision, the Supreme Court adopted the view that a defendant's bald assertion of innocence was a sufficient "fair and just reason" for withdrawal of a guilty plea. **See Commonwealth v. Randolph**, 718 A.2d

- 5 -

1242, 1244 (Pa. 1998) (defendant's claim that he was innocent of several of the 13 burglary charges to which he pled guilty was sufficient to justify pre-sentence withdrawal of plea; "[a]ppellant made a clear assertion of his innocence before the trial court … [and] the uncontroverted evidence of record fails to reveal that the Commonwealth would have suffered any prejudice, let alone substantial prejudice, had [a]ppellant's withdrawal request been permitted.") (footnote omitted).

However, in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), the Pennsylvania Supreme Court retreated from the *per se* approach it advocated in **Forbes**. (Defendant first asserted his innocence during his sentencing allocution, claiming he had been framed by the Central Intelligence Agency and possessed by the "Antichrist," and insisting a polygraph test would prove his innocence. **Carrasquillo**, 115 A.3d at 1286.)

The **Carrasquillo** Court stated the "existing *per se* approach to innocence claims is unsatisfactory." **Id.** at 1292. The Court reflected:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> …
>
> Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is **whether**

- 6 -

**the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice**.  The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1291-1292 (footnote omitted; emphasis added).

The Supreme Court concluded the trial court had acted within its discretion when it denied the defendant's motion to withdraw his plea.  The Court emphasized the defendant's claim of innocence was first made during his sentencing allocution, and was accompanied by "bizarre statements" which "wholly undermined its plausibility, particularly in light of the Commonwealth's strong evidentiary proffer at the plea hearing."  *Id.* at 1293.  *See also Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015) (companion case to *Carrasquillo*).

More recently, in *Commonwealth v. Blango*, 150 A.3d 45 (Pa. Super. 2016), *appeal denied*, __ A.3d __, 2017 WL 1374163 [513 EAL 2016] (Pa. April 12, 2017) the defendant entered a negotiated guilty plea, agreeing to testify against his co-defendants in matter and by providing information regarding an unrelated shooting. *Id.* at 47.  The defendant testified against his co-defendants at their trial, further acknowledging his guilt, but during the unrelated criminal trial, he recanted the information that he provided to the Commonwealth.  *Id.*  Considering his statements as a breach of the plea agreement, the Commonwealth offered a sentencing recommendation, requesting the court sentence defendant to a term of 35 to 70 years'

imprisonment. *Id.* The next day, after reviewing the Commonwealth's request, the defendant filed a motion to withdraw his guilty plea. *Id.* On appeal, a panel of this Court applied *Carrasquillo* and held that because the defendant had not made "a plausible claim of innocence[,] ... the trial court did not abuse its discretion in declining to permit withdrawal of [his] guilty plea on that ground." *Blango*, 150 A.3d at 48.[6]

Here, the trial court found the following:

> In the first instance, [Moragne-El] suggests that he seeks withdrawal because he is innocent. However, [Moragne-El]'s own words at [the] time of his plea belie his claims of innocence. Upon careful examination, the record will reflect that at the time [Moragne-El] entered his guilty plea, he refused to specifically articulate exactly what he had done to permit this Court to find that there was a factual basis for the plea of guilty to possession with the intent to deliver heroin. [Moragne-El] suggested that he did not recall the events, a claim the Court now sees was incredible. The Court then reviewed the Commonwealth's charging documents with [Moragne-El], on the record, resulting in [Moragne-El] admitting to being in possession of a quantity of heroin with the intent to deliver said controlled substance, on the date in question. [Moragne-El] acknowledged his participation in the offense and even apologized to the Court and the Franklin County community for his role in the heroin epidemic currently plaguing the area. His apology appeared sincere and credible. Having tendered his plea, the Court thereafter entered an Order

_____

[6] *Compare with Commonwealth v. Islas*, 156 A.3d 1185, 1189 (Pa. Super. 2017) (concluding trial court had erred in denying the defendant's pre-sentence motion to withdraw his guilty plea because his assertion of innocence was "not 'mere, bare, or non-colorable,' but instead was 'at least plausible'" where: (1) he had entered his plea three days before trial was set to begin and before jury selection began; (2) he moved to withdraw plea over one month after entry and when new counsel entered his appearance, which was almost two months before sentencing; and (3) he maintained his innocence from the beginning.

altering [Moragne-El]'s bail in case number 2214-2014 to "unsecured" to facilitate the sentence agreement.

[Moragne-El] also supported his motion to withdraw with argument that he has an alibi defense he desires to assert. This argument is unavailing. [Moragne-El]'s alibi defense is not applicable to case number 2221-2014; rather, his alibi defense is raised and filed, untimely[6] in case number 2213-2014, a case which is to be dismissed as part of the plea. [Moragne-El] has filed no notice of alibi defense in case number 2221-2014.

_____

[6] *See* Pa.R.Crim.P. 567(A) which requires the filing of a notice of alibi defense "not later than the time required for filing the omnibus pretrial motion …" Defendant's Notice by Defendant of Alibi Defense was filed on September 6, 2016, long after his December 31, 2014 Mandatory Arraignment.

_____

[Moragne-El] suggests that after entering his plea he spoke with his sister, who he says is an attorney, who encouraged him to go to trial. [Moragne-El] also takes offense to the determination that he is ineligible for a recidivism risk reduction incentive sentence ("RRRI") because the Commonwealth and the probation department mischaracterized a prior burglary conviction from Maryland. These arguments are nothing more than "buyer's remorse" and not grounds for the withdrawal of a plea. Further, if [Moragne-El] believes that the burglary prior is not a disqualifying offense, the Court would consider more carefully examining the issue in a post-sentence motion.

[Moragne-El]'s actions in attempting to withdraw his plea are nothing more than his continued efforts to manipulate the Franklin County Court and to delay trial and frustrate the criminal justice system as a whole. [Moragne-El] got what he wanted on September 8, 2016 – an Order modifying his bail in case number 2214-2014 to $200,000 unsecured. Now he wants to have the benefit of an unsecured bail and further delay trial. This Court cannot permit [Moragne-El] to continue to manipulate and frustrate the criminal justice process.

Trial Court Opinion, 10/3/2016, at 4-5.

We agree with the court's conclusion. We note that, of the various reasons he provided for wanting to withdraw his guilty plea, the only fair and just reason Moragne-El proffered is a mere assertion of his general innocence,[7] which is no longer sufficient as pursuant to **Carrasquillo**,[8] and does not constitute a "plausible claim" of innocence under **Blango**.

Furthermore, the trial court's ruling is supported by the unique circumstances in this case. A review of the record reveals that Moragne-El entered the plea, which involved three separate criminal actions, after three hours of negotiations.[9] During the oral colloquy, he acknowledged that on October 9, 2014, he possessed 10.07 grams of heroin with the intent to deliver. N.T., 9/8/2016, at 10. Moreover, he admitted the following:

> I just want to say I'm sorry for the hassle I put you all through and, you know, I never meant to be a menace or a cancer to the society, like I understand like the more I set back in jail I sit up and think of the bad things I did out here and I apologize, you know, for any pain I caused. I know the heroin epidemic is -- pardon my language, it's fuck'n up, you know, Franklin County and I don't mean -- I don't know. I regret doing what I did. That's it, Your Honor.

**Id.** at 11.

_____

[7] For example, he does not allege he had no knowledge that he possessed over ten grams of heroin or that a friend set him up.

[8] We note his discussion with his sister that he did not commit the crime also goes to a general assertion of innocence.

[9] **See** N.T., 9/15/2016, at 12.

- 10 -

Significantly, the court was prepared to sentence Moragne-El that same day but waited until the following week in order to double check the credit for time served. *Id.* at 10. Seven days later, on the day he was supposed to be sentenced, Moragne-El orally requested to withdraw his guilty plea. N.T., 9/15/2016, at 2-4. Moragne-El asserted the following as reasons for withdrawing: (1) he was innocent and did not commit the crime; and (2) he did not believe his prior conviction disqualified him from being RRRI eligible. *Id.* He also said that he spoke with his sister after the guilty plea hearing and she asked him why he agreed to something he did not do, to which he replied that he was "just trying to get out of Franklin County Jail and they scared [him.]" *Id.* at 5. Moragne-El offered no support for his claim of innocence, particularly in light of his comments at the guilty plea hearing.[10] Moreover, his concerns regarding his eligibility for RRRI does not constitute a fair and just reason to withdraw his plea.

Based on the totality of the circumstances, we concur with the trial court that Moragne-El's offer of innocence is not plausible, and that his actions were more of an attempt to manipulate the court system in order to delay imprisonment. *See Carrasquillo, supra; Blango*, *supra*. Accordingly, we affirm the judgment of sentence.

---

[10] It appears Moragne-El was far concerned more with the nature and length of his sentence than his actual innocence. *See* N.T., 9/15/2016, at 3-4, 7-13 (discussions regarding forfeiture of vehicle and cash and bail being reinstated as secured rather than unsecured).

Judgment of sentence affirmed.

President Judge Emeritus Bender joins this decision.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017