## Commonwealth *v.* Forbes, Appellant.

186

Argued November 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Jonathan Miller,* Assistant Defender, with him *Francis S. Wright, Jr.* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Linda Conley,* Assistant District Attorney, with her *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 19, 1973:

On December 5, 1969, Sonia Rosenbaum was robbed and assaulted while in her home in Philadelphia. The victim, who was bound and gagged by the intruders, died as a result of the assault.

Subsequently, appellant, sixteen year old Robert Forbes, was indicted for various crimes stemming from this incident. On November 4, 1970, appellant entered pleas of guilty to murder, burglary, aggravated robbery, larceny, receiving stolen goods, and conspiracy. Prior to receiving these pleas, the trial court conducted an on-the-record colloquy, as required by Pa. R. Crim. P. 319 (a). Having concluded that the pleas were "voluntarily and understandingly made", the court then held a hearing, pursuant to Pa. R. Crim. P. 319A, to determine whether "the case may constitute murder in the first degree." Based on the evidence presented by stipulation, the trial judge determined that such a case had been made out and deferred any further action until a three judge panel was convened.

On December 8, 1970, a three judge court was impaneled. At that time, however, appellant expressed a desire to withdraw his guilty plea because, as he stated, "I don't want to plead guilty to nothing I didn't do." The court continued the matter until a hearing could be held on appellant's request to withdraw his guilty plea.

At that hearing, on February 18, 1971, appellant said he no longer desired to pursue his withdrawal request; therefore, on February 25, 1971, the three judge panel reconvened to determine the degree of guilt. At that hearing, it became apparent that appellant's decision to abandon his withdrawal request was the result of defense counsel's threat to withdraw from the case. The court, nevertheless, proceeded on appellant's ini-

tial entry of the guilty plea. Appellant was found guilty of first degree murder and sentenced to life imprisonment. Sentence was suspended on the other charges.

On this direct appeal, appellant contends[1] that the withdrawal of his guilty plea was obstructed by defense counsel's decision to withdraw from the case if appellant pursued his retraction of the original guilty plea. He urges that the trial court erred in failing to grant his withdrawal request—made prior to any evidence being offered at the degree of guilt hearing and, thus, prior to adjudication and imposition of sentence. We agree and must reverse.

The record supports appellant's contention that he abandoned the withdrawal of his guilty plea because of defense counsel's intention to withdraw from the case. Counsel specifically stated, on the record, at the final hearing: "I have indicated to him before that if he felt, that if he insisted upon withdrawing his plea *and Judge Bruno thought there were circumstances under which he should be able to withdraw that,* I would ask to withdraw from the case. The relationship that we have had has been hanging in the balance and I think his mother has been the one most responsible for keeping that relationship."

The coercive impact of this threat, coming long after counsel first entered the case, was not lessened by the court's perfunctory inquiry of appellant concerning his newly expressed desire to abandon his earlier request

---

[1] Appellant also contends that (1) the guilty plea was not intelligently entered because appellant was not made aware of the nature and elements of felony murder and (2) the trial court violated due process when it refused to continue the final hearing in order to secure the presence of appellant's mother who was appellant's actual counselor. In view of our disposition, we need not decide these issues.

to withdraw his original plea of guilty. There is no indication that appellant was informed of his right to persist in his request for withdrawal of the plea—in the face of counsel's comment—and have new counsel appointed. Additionally, the court, itself, may have inadvertently intensified the coercion by denying appellant's motion to continue the final hearing for two days in order to permit the presence of appellant's mother who had been present at each of the prior hearings and who had been appellant's actual counselor throughout the proceedings. The importance of her presence was even noted as above indicated by defense counsel.

These circumstances rendered involuntary appellant's decision to abandon his withdrawal request and continue with his original guilty plea. What plea to enter is a decision which must be made voluntarily and intelligently, *by the accused*. See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969); *McCarthy v. United States*, 394 U.S. 459, 89 S. Ct. 1166 (1969); ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function §5.2(a) (Approved Draft, 1971).[2] Comment, Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest, 54 Cal. L. Rev. 1262, 1267-68 (1966). A guilty plea which is not the personal and

---

[2] The commentary to the ABA Standards state: "The history of the criminal process in our system and the rights vested in an accused under the Constitution mark out certain basic decisions as belonging to the client; other decisions fall within the province of the lawyer. The requirement that the defendant personally enter a guilty plea and that it be voluntary and informed carries the implication that it is the defendant who must make the choice. See Machibroda v. United States, 368 U.S. 487, 493 (1962); Kercheval v. United States, 274 U.S. 220 (1926); ORFIELD, CRIMINAL PROCEDURE FROM ARREST TO APPEAL 294 (1947)." ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function §5.2 at 238 (Approved Draft, 1971).

voluntary decision of the accused, but rather is "induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States,* 368 U.S. 487, 493, 82 S. Ct. 510, 513 (1962).

Here, defense counsel's statement—made to a sixteen year old youth who, as the record reveals, was visibly upset and confused by the entire proceedings—deprived appellant's decision to abandon his request for withdrawal of his earlier plea and continue with that plea "of the character of a voluntary act." Had it not been for counsel's *coercive* statement, appellant would have pursued his request to withdraw his plea. On this record, it was an abuse of discretion for the trial court to deny appellant's withdrawal request.

Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made *before* sentencing—here, that request was made at even an earlier stage—should be liberally allowed. See *United States ex rel. Culbreath v. Rundle,* 466 F. 2d 730 (3d Cir. 1972) ; *United States v. Young,* 424 F. 2d 1276 (3d Cir. 1970) ; *United States v. Stayton,* 408 F. 2d 559 (3d Cir. 1969) ; Pa. R. Crim. P. 320; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1 (Approved Draft, 1968) ; Note, Pre-Sentence Withdrawal of Guilty Pleas in Federal Courts, 40 N.Y.U. L. Rev. 759 (1965). In *United States ex rel. Culbreath v. Rundle,* supra, the Third Circuit stated : "It has been recognized under Pennsylvania and Federal law that a trial judge has discretion to refuse a request to retract a plea of guilty since there is no absolute right to withdraw such a plea. *However, a request made before sentencing has been generally construed liberally in favor of the accused.*" Id. at 732 (emphasis added) (footnotes omitted).

The ABA Standards are in complete harmony with this view. The standards state: "(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. *Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.*" ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(b) (Approved Draft, 1968). See also *Commonwealth v. Neely*, 449 Pa. 3, 4, 295 A. 2d 75, 76 (1972) (ROBERTS, J., concurring opinion).

Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." *United States v. Stayton*, supra at 561. If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced." ABA Standards Relating to Pleas of Guilty, supra. As the Third Circuit noted: "The liberal rule for withdrawal of a guilty plea before sentence is consistent with the efficient administration of criminal justice. It reduces the number of appeals contesting the 'knowing and voluntariness' of a guilty plea, and avoids the difficulties of disentangling such claims. It also ensures that a defendant is not denied a right by trial by jury unless he clearly waives it." *United States v. Young*, 424 F. 2d 1276, 1279 (3d Cir. 1970).

Applying these standards to the facts presented, it must be concluded that the trial court should have allowed withdrawal of appellant's guilty plea. Appellant stated, as his reason for the request, made before

the degree of guilt hearing and prior to adjudication and sentence, "I don't want to plead guilty to nothing I didn't do." Obviously, appellant, by this assertion of innocence—so early in the proceedings—offered a "fair and just" reason for withdrawal of his plea. Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea." ABA Standards Relating to Pleas of Guilty, supra.

Judgment of sentence reversed and a new trial granted.

Mr. Chief Justice JONES concurs in the result.