Commonwealth *v.* Holcomb, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Before REED, JR., J.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Philip J. O'Malley,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 11, 1974:

Appellant contends that the lower court erred in refusing a request for a withdrawal of his guilty pleas prior to sentencing.

Appellant pleaded guilty to burglary, larceny, aggravated assault and battery, robbery and conspiracy. The trial court conducted an extensive colloquy consuming over 28 pages of the notes of testimony, and being satisfied that the plea was being tendered knowingly and voluntarily, accepted the pleas of guilty, but deferred sentencing pending a pre-sentence investigation. On June 8, 1973, two months after the appellant entered his guilty plea to said charges, the appellant appeared in court for sentencing. At this time, appellant's counsel informed the sentencing judge that the appellant wished to withdraw his guilty plea. The request was denied, and appellant was sentenced. Appellant immediately took an appeal to this Court, and we remanded the case to the lower court by a Per Curiam Opinion dated November 8, 1973, with direction that appellant's counsel prepare a proper brief on the submitted issues.

Appellant argues that under *Commonwealth v. Forbes,* 450 Pa. 185, 299 A. 2d 268 (1973), he is entitled to a withdrawal of his guilty plea. In *Forbes,* our Supreme Court recognized that withdrawal of a guilty plea is within the sound discretion of the trial court, but stated that "a request made *before* sentencing . . . should be liberally allowed . . . .", and, that such a request when supported by "any fair and just reason" should not be denied "unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." *Forbes,* at 190, 191, citing ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §2.1(b) (Approved Draft, 1968).

In the instant case, the trial court points out that "the defendant simply wanted to withdraw his plea for no other reason than that a jail term would not help him." The Memorandum Opinion by Howard F. REED, Jr., of the Court of Common Pleas of Delaware County, traces the extensive colloquy, noting even a portion advising the appellant that he was in no way bound to enter a plea and "if he had changed his mind overnight that was his right." (Emphasis deleted) We have searched the record and find no "just reason" for appellant's request. We are not persuaded by counsel's contention that he was summarily denied the request before he could offer a reason. Counsel is not rendered mute or dumbfounded by every negative ruling of the Court. Neither may we accept an implication that a trial judge would muffle any discussion or qualification that addresses itself to the question in a significant manner. If counsel had a "fair cause and just reason", he should have announced it. His failure to do so can only be construed as a lack of any such cause, and merely requested as a tactical measure. We do not agree, however, that the mere fact the Commonwealth is delayed in its attempt to prosecute the defendant is sufficient reason for denying a request, since this would sanction the unbridled and arbitrary exercise of a trial court's discretion to destroy the effect of a valid and just claim in the balance.

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.