J-A02024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EVAN CASTELLANOS, | |
| Appellant | No. 1074 EDA 2016 |

Appeal from the Judgment of Sentence entered March 4, 2016,
in the Court of Common Pleas of Northampton County,
Criminal Division, at No(s): CP-48-CR-0001114-2015.

BEFORE:  OTT, RANSOM, and FITZGERALD,* JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 30, 2017**

Appellant, Evan Castellanos, appeals from the judgment of sentence imposed after he pleaded guilty to criminal attempt to commit criminal homicide.[1]  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> [O]n January 22, 2016, at a pretrial conference prior to the February Criminal Trial list, [Appellant] entered a negotiated guilty plea to one count of criminal attempt to commit homicide, graded as a first-degree felony.  The guilty plea included a sentence bargain of 16 to 35 years' imprisonment.  At the time of the negotiated plea, this Court inquired as to the applicable sentencing guideline ranges.  Guilty Plea Counsel informed the

_____

[1] **See** 18 Pa.C.S.A. §§ 901 and 2501.

_____

*Former Justice specially assigned to the Superior Court.

Court that, using the [basic] sentencing matrix [with an offense gravity score (OGS) of 14 and a prior record score (PRS) of 1] the standard guideline range was 84 months to the statutory limit – [480] months.[2] However, the [Commonwealth] noted that the deadly weapon used matrix was applicable. Under the deadly weapon used matrix, with the same OGS and PRS, the guidelines increased to 102 months to the statutory limit. Therefore, the sentence bargain of 16 years (192 months) to 35 years (420 months) was within the standard range.

The Court went through a detailed guilty plea colloquy with [Appellant] prior to accepting the plea as free and voluntary. We also accepted the written guilty plea colloquy which was purported to have been filed out and signed by [Appellant].

The [Commonwealth] summarized the fact pattern – [Appellant] drove to the victim's residence in Bethlehem and invited the victim to come outside to meet with him while [Appellant] sat in the passenger seat of the car. When the victim came out of the house and approached the automobile, [Appellant] extended his arm out of the window and shot the victim in the chest with a .357 revolver. [Appellant] fled the scene and was on the run until he was apprehended in Florida and extradited to Northampton County. After [Appellant] heard the recitation by the Commonwealth and acknowledged that it was an accurate statement as to his crime, the Court asked several follow-up questions including a general inquiry as to the motive for the shooting of the victim who allegedly had been [Appellant's] friend. [Appellant] volunteered that he shot the victim because "he had raped a girl named Jordan".

The Court also informed [Appellant] that his guilty plea was expected to be a final resolution in this matter.

[Appellant] answered all the Court's questions raised during the guilty plea proceeding. Clearly, his responses indicated that his plea was free and voluntary and that no one had forced or coerced him to plead guilty. When the Court indicated that it was prepared to impose the sentence bargain

_____

[2] Appellant pleaded guilty to attempt to commit criminal homicide resulting in serious bodily injury. Accordingly, the statutory maximum sentence is forty years. 18 Pa.C.S. § 1102(c).

contemporaneously with the guilty plea, guilty plea counsel asked if the Court would delay sentencing in order to give [Appellant's] family time to come to Northampton County to participate at sentencing. That request was granted. We set sentencing for March 4, 2016.

Trial Court Opinion, 5/24/16, at 1-2.

On February 25, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea. Within the motion, he asserted the following:

1. [Appellant] did not understand [the] Basic Sentencing Matrix[.]

2. [Appellant] was not [made] aware of Basic Sentencing Matrix[.]

3. [Appellant] was [coerced] into entering a guilty plea to a charge he was not guilty of[.]

4. [Appellant] believes the plea was illegally induced[.]

5. [Appellant] believes he was sentence[d] outside [the] sentencing guidelines[.]

6. [Appellant] was abandon[ed] by [his] lawyer[.]

7. [Appellant] requested pre-[trial] motions to be filed before entering any guilty plea[.]

Motion to Withdraw Guilty Plea, 2/25/16, at 1-2. By letter dated February 29, 2016, the Commonwealth filed its response.

Appellant appeared for sentencing on March 4, 2016. At that time, the trial court indicated to the parties that Appellant had filed the motion to withdraw his guilty plea, and that guilty plea counsel, who had been privately retained by Appellant, had filed a motion to withdraw. The Commonwealth then argued why it would be prejudiced should Appellant be permitted to withdraw his plea, and guilty plea counsel informed the court of

his displeasure with Appellant's decision. The trial court then directly asked Appellant why he wished to withdraw his plea, and Appellant responded, "Your Honor, I'm not guilty of that charge and I believe like the lawyer took advantage of my mental state." Notes of Testimony (N.T.), 3/4/16, at 16. When asked about his mental state and what medication Appellant had been taking, Appellant said, "It's like [X]anax[,]" although he did not know the product name. *Id.* Appellant further informed the court that he himself never filled out the written guilty plea. Finding Appellant "not credible," *id.* at 17, the trial court denied Appellant's withdrawal motion, and imposed the negotiated sentence.

This timely appeal follows. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> Whether the Trial Court erred and abused its discretion in denying Appellant's Motion to Withdraw Guilty Plea prior to sentencing despite Appellant's plausible proclamation of innocence by asserting he was not guilty of the charge and the fact that the Commonwealth would not have been substantially prejudiced by the withdrawal?

Appellant's Brief at 3.

There are significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing. *See Commonwealth v. Kirsch*, 930 A.2d 1282, 1284-1285 (Pa. Super. 2007). Recently, our Supreme Court has clarified the pre-sentence standard of proof in *Commonwealth v.*

*Carrasquillo*, 115 A.3d 1284 (Pa. 2015). The high court first noted the standard it had established many years ago in *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973):

> [T]his Court's *Forbes* decision reflects that: there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Carrasquillo*, 115 A.3d at 1291-1292 (citing *Forbes*, 299 A.2d at 271) (footnote omitted).

At issue in *Carrasquillo* was "whether the common pleas courts must accept a bare assertion of innocence as a fair and just reason for withdrawal." *Carrasquillo*, 115 A.3d at 1289. Our Supreme Court then discussed the interpretation this Court has given *Forbes* and subsequent Supreme Court pronouncements, and it acknowledged "the legitimate perception of a *per se* rule arising from this Court's decisions." *Carrasquillo*, 115 A.3d at 1292. The high court then stated its disagreement with the application of such a "bright-line" rule:

> Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent

- 5 -

with the affordance of a degree of discretion to the common pleas courts.

***Carrasquillo***, 115 A.3d at 1292 (citation omitted).

Stated succinctly, our Supreme Court in ***Carrasquillo*** concluded that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." ***Id.*** at 1285. Finally, the high court concluded that, given its disposition, it need not discuss the issue of prejudice to the Commonwealth. ***Id.*** at 1293 n.9.

The trial court in this case found the fact pattern presented analogous to that involved in ***Carrasquillo***:

> Here, we evaluated the credibility of [Appellant's] assertion of "innocence." He provided no justification or support for his not guilty claim other than the claim that he didn't understand the guilty plea proceeding. Frankly, anyone would review the guilty plea transcript could reach only one conclusion, that [Appellant's] plea was free, knowing, and voluntarily and further that his acknowledgement of his guilt was beyond the general acquiescence of the facts where a defendant simply agrees to the Commonwealth's presentation of the facts. Here, [Appellant] offered his justification, his motivation, for committing this crime.
>
> There was nothing about [Appellant's] assertion of a lack of understanding of the guilty plea proceeding [sic] nor any support for the bald assertion that he was "not guilty." Certainly, there is nothing in this record which supports a plausible demonstration of innocence which would provide a fair and just reason for the withdrawal of his guilty plea. Without any credible record to justify the withdrawal of the guilty plea, we were unwilling to exercise our discretion. Finally, we note that our decision rests squarely within the four corners of the most recent pronouncement by our Supreme Court on this issue found in ***Carrasquillo***.

Trial Court's Opinion, 5/24/16, at 4-5. We agree.

- 6 -

Appellant's arguments to the contrary are unavailing. Just as our Supreme Court in *Carrasquillo* held that a bare assertion of innocence is insufficient to permit a pre-sentence plea withdrawal, the bare assertion that the innocence claim is "plausible" is likewise insufficient. As the high court stated in *Carrasquillo*, a criminal defendant seeking to withdraw his guilty plea prior to sentencing must make "some colorable demonstration, under the circumstances" that "permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292. Appellant has failed to so in this case.[3]

Finally, we reject Appellant's argument regarding the lack of "substantial prejudice" to the Commonwealth. As in *Carrasquillo*, we need not reach this issue unless Appellant has presented a plausible basis for his claim of innocence. *See id.*, *supra*.

In summary, because Appellant failed to establish a plausible claim regarding his innocence, the trial court properly denied his pre-sentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

---

[3] We also reject Appellant's alternative claim that we should remand so that "a more thorough record could be made regarding his assertion of innocence." Appellant's Brief at 6. Appellant has already been given an opportunity to present a colorable claim that the circumstances should have allowed for the pre-sentence withdraw of his plea.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2017