J-S72015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD WELLS, | |
| Appellant | No. 60 EDA 2017 |

Appeal from the Judgment of Sentence Entered September 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004435-2013

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED JANUARY 25, 2018**

Appellant, Edward Wells, appeals from the judgment of sentence of 7 to 14 years' incarceration, followed by 15 years' probation, imposed after he pled guilty to rape and related offenses.  On appeal, Appellant argues that the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea.  After careful review, we affirm.

The trial court summarized the facts of this case, as stated at Appellant's guilty plea hearing, as follows:

> The complainant, L.S., was 19 years old when[,] on December 11, 2011, she went to a club in Philadelphia with one of her girlfriends.  As closing time neared[,] the complainant became separated from her girlfriend.  She went through the club looking for her girlfriend.  She entered a small, dark room looking for her friend and was followed into that room by []

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant. As she attempted to leave[,] [] Appellant blocked her path and then forced her to the ground and got on top of her. The complainant repeatedly told [] Appellant that she did not want to have sex and that she was on her period. Undeterred[,] [] Appellant pushed her skirt up and pulled her underwear down. He snatched the maxi pad his victim had because of her period and tossed it on the floor. Appellant then proceeded to penetrate his victim vaginally and anally with his penis. [] Appellant got up and left the room. The complainant pulled her clothes up and located her friend who she told about the rape. Her friend and the friend's boyfriend drove her to the hospital where she again reported the rape. She was transported to the Sexual Assault Response Center where she submitted to a rape kit examination. Sperm fragments and swabs from the complainant's rape kit were submitted to the Philadelphia DNA laboratory for testing. The DNA profile was then entered into a statewide database (CODIS). Over ten (10) months later on October 19, 2012, [] Appellant's DNA was found to be a match for the DNA sample from the victim's rape kit. Pursuant to a search warrant issued to secure a confirmatory DNA sample, [] Appellant's DNA was secured from him using an oral swab. That swab was submitted to the DNA lab. [] Appellant was found to be a match and he was arrested on March 4, 2013. The complainant was unable to identify [] Appellant at a lineup and in a photo array, but insisted that the sexual assault was not consensual. [] Appellant, who wore his hair in braids [on] the night of the attack, appeared at the lineup with his hair cut short. Despite the change in his hair style, [] Appellant unsuccessfully tried to place fillers in the lineup who wore their hair in braids.[1]

---

[1] At a hearing on Appellant's motion to withdraw his guilty plea, discussed *infra*, the Commonwealth explained Appellant's attempt to manipulate the lineup, as follows:

[The Commonwealth]: [Appellant], in line with the standard practice, the standard lineup practice, he is permitted to select his own fillers for the lineup and he seeks out fillers who have braids in their hair. He, at the time of the lineup, had close-cut hair; but at the time of the incident, he, or the assailant, had braids. That's how the complainant described her assailant[,] as a man who had braids.

*(Footnote Continued Next Page)*

Trial Court Opinion (TCO), 1/26/17, at 2-3.

Appellant was arrested and charged with rape, involuntary deviate sexual intercourse (IDSI), and related offenses. On October 7, 2015, he pled guilty to rape and IDSI. The court deferred sentencing for a pre-sentence report and a mental health evaluation. Subsequently, new counsel entered his appearance for Appellant, and on April 13, 2016, counsel filed a motion to withdraw Appellant's plea. On May 16, 2016, a hearing was held on Appellant's motion, at which defense counsel offered the following reasons that Appellant should be permitted to withdraw his plea:

> [Defense Counsel]: Your Honor, we're here today before sentencing and my client, [Appellant], is proclaiming his innocence. He had a major disconnect with his previous counsel.
>
> He's informed me that it was about three years that went between him speaking [to counsel,] and the day where he came in for the guilty plea, [counsel] told [Appellant]…, you're going to fry unless you sign this. As soon as I was retained by the family, as soon as I spoke to this young man, I spoke to him several times, he's always proclaimed his innocence.
>
> The legal standard we need to look at is how is this going to prejudice the Commonwealth moving forward. I'm still getting to know the facts of this matter because, quite frankly, I've only been in it for about a month. But it seems like the complainant is an adult and that it's a case we will be able to put on fairly quickly. It wouldn't be the kind of prejudice where you

*(Footnote Continued)* _____

> After a correctional officer repeatedly tells him that he cannot select fillers who don't look like him, these people he's trying to select with braids in their hair, the lineup proceeds with people who have a similar haircut to [Appellant].

N.T. Hearing, 5/16/16, at 11.

see the Superior Court says no, you cannot withdraw a guilty plea before sentencing. My client has not been sentenced. He is proclaiming his innocence.

There are many different issues that we have that we want to bring forward to trial. We feel like we have a great case. Like I said, he proclaimed his innocence. He has not been sentenced. We ask Your Honor to allow him to withdraw his guilty plea.

N.T. Hearing at 3-5.

In response, the Commonwealth argued that under our Supreme Court's decision in *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), Appellant's assertion of innocence was not enough to warrant the withdrawal of his guilty plea. N.T. Hearing at 5. The Commonwealth stressed that the DNA evidence demonstrated that Appellant had sex with the victim, the victim had immediately reported the rape and she was prepared to testify that she did not consent to intercourse with Appellant, and Appellant's conduct involving the lineup demonstrated his consciousness of guilt. *Id.* at 8-9. Additionally, the Commonwealth stressed that Appellant had waited until six months after his guilty plea was entered to assert his innocence and seek to withdraw the plea. *Id.* at 7, 12.

Ultimately, the trial court agreed with the Commonwealth and denied Appellant's motion to withdraw his plea. On September 12, 2016, the court sentenced Appellant to 7 to 14 years' incarceration, followed by 15 years' probation. Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant raises one issue for our review: "Whether the [trial] court erred in denying [Appellant's] withdrawal of guilty plea before sentencing

because [Appellant] proclaimed his innocence of these charges before sentencing and wanted to proceed to trial[?]" Appellant's Brief at 6.

In concluding that Appellant was not entitled to withdraw his guilty plea, both the trial court and the Commonwealth rely heavily on our Supreme Court's decision in **Carrasquillo**. There, the Court summarized the parameters for a pre-sentence withdrawal of a guilty plea, as follows:

> This Court's [**Commonwealth v.**] **Forbes**[, 299 A.2d 268 (Pa. 1973),] decision reflects that: there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. **See Forbes**, … 299 A.2d at 271.

**Carrasquillo**, 115 A.3d at 1291–92. Importantly, the **Carrasquillo** Court also clarified that an assertion of innocence, alone, does not automatically warrant the pre-sentence withdrawal of a guilty plea. Instead,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Carrasquillo**, 115 A.3d at 1292 (internal citation omitted).

Here, in explaining why it denied Appellant's motion to withdraw his plea, the trial court stated:

>Appellant's bare assertion of innocence was totally implausible. After assaulting his victim[,] Appellant fled and remained free until his DNA showed up in CODIS. [Appellant's] DNA[,] which was recovered from the victim's rape kit[,] established a 29.37 quintillion to one odds of it being someone other than Appellant in the African-American population. [] Appellant's behavior in attempting to manipulate the lineup procedure (**See** [N.T.,] 5/16/16[,] … at 10-11), coupled with his DNA results make his bare assertion of innocence merely a ploy to delay and/or thwart the judicial process. No relief is warranted.

TCO at 3-4.

Appellant now claims that the court abused its discretion. In support, he stresses that he not only asserted his innocence, but he also claimed that his attorney "said he was going to fry if he [did not] sign" the plea colloquy, and he informed the court that his counsel had failed to visit him or communicate with him about the case prior to his entering his plea. Appellant's Brief at 13. According to Appellant, these assertions constituted a "colorable claim" that withdrawing his plea would promote fairness and justice. *Id.*

Initially, we disagree with the trial court that Appellant made only a bald assertion of innocence. Appellant attempted to support that assertion with claims that his prior attorney had not communicated with him, and that counsel had essentially compelled him to enter his plea by informing Appellant that he "would fry" if he chose to go to trial. Thus, Appellant's assertion of innocence was not 'bald,' as the trial court declared.

Nevertheless, we cannot conclude that the court abused its discretion by deeming Appellant's assertion of innocence implausible. Appellant

offered no evidence at the May 16, 2016 hearing – not even his own testimony - to demonstrate that his plea counsel acted in the manner he alleged, or that counsel's purported conduct compelled him to enter the plea. Such a demonstration was especially vital where the record, on its face, cast doubt on the plausibility of Appellant's ineffectiveness claims and his related assertion of innocence. Namely, at the guilty plea proceeding on October 7, 2015, the court informed Appellant that he faced a maximum sentence of 40 years' imprisonment (not death) for the offenses to which he was pleading guilty. *See* N.T. Plea Proceeding, 10/7/15, at 5. Appellant also confirmed that he had spoken about his case with his attorney, no one had forced or threatened him to enter his plea, and he was satisfied with the representation of his counsel. *See id.* at 6-8. This record calls into question Appellant's assertion that counsel did not communicate with him for three years before his plea, and that he pled guilty based on counsel's statement that he "would fry" if he did not. Also diminishing the plausibility of Appellant's claims is the fact that he waited until six months after entering his plea to declare his innocence and assert his allegations against plea counsel.[2]

---

[2] On appeal, Appellant does not acknowledge, let alone discuss, the reason for this delay, let alone explain why it should not weigh in favor of our affirming the trial court's decision.

Finally, as the trial court stressed, two separate tests showed that Appellant's DNA matched the DNA taken from the victim, who reported the crime immediately, and who was prepared to testify at trial that she did not consent to the sexual encounter with Appellant. *See* N.T. Plea Proceeding at 9-13. After his arrest, Appellant attempted to influence the lineup by picking 'fillers' who had braids in their hair, while his hair was cut short. This evidence supports the court's decision that Appellant's claim of innocence was implausible.

In sum, the record as a whole cast doubt on the veracity of Appellant's claim of innocence, as well as his associated ineffective assistance of counsel claims. Because Appellant failed to further develop, or present any evidence to support, those assertions at the hearing on his motion to withdraw his plea, we cannot conclude that it was manifestly unreasonable for the trial court to deem Appellant's belated claim of innocence implausible in light of the record before it.[3, 4] *See Commonwealth v. Biesecker*, 161 A.3d 321, 329 (Pa. Super. 2017) (citation omitted) ("An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of

---

[3] Nothing in our decision should be read as ruling on the merits of Appellant's ineffectiveness claims, or precluding him from more fully developing those claims on collateral review.

[4] In light of our disposition, we need not assess Appellant's argument that the Commonwealth would not be prejudiced by the withdrawal of his plea.

the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record."). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/18