J-A25001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ROBERT CAMPBELL | : | No. 700 MDA 2020 |

Appeal from the Order Entered March 9, 2020
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000372-2019

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 08, 2021**

The Commonwealth appeals from the March 9, 2020 order granting Kevin Robert Campbell's pre-sentence oral motion to withdraw his guilty plea. For the following reasons, we vacate the order and remand for further proceedings consistent with this memorandum.

The Commonwealth alleged that on June 6, 2019, Appellee sent several text messages to Tracy Yost, attempting to intimidate her into withdrawing a Protection from Abuse (PFA) order that she had obtained against him. Appellee also tried to convince Ms. Yost to transfer her vehicle to his possession. As a result, Appellee was arrested and charged with witness intimidation and related charges.

Minutes before Appellee's trial was scheduled to begin, he decided that he wanted to plead guilty. In exchange for Appellee's open guilty plea to intimidating a witness, the Commonwealth agreed to change the grading on

the charge from a third-degree felony to a second-degree misdemeanor. The remaining charges were withdrawn. After Appellee completed a written and oral colloquy, the trial court accepted his guilty plea. Sentencing was deferred pending preparation of a pre-sentence investigation report ("PSI").

On March 9, 2020, the parties appeared for sentencing and, after a brief recess to review two recent addendums to the PSI,[1] trial counsel indicated that Appellee wished to withdraw his guilty plea. The trial court began to ask why, asking whether Appellee "claims he's innocent, or --- [?]" N.T. Sentencing Hearing, 3/9/20, at 4. However, before the trial court could finish its question, trial counsel replied "I believe so. Yes, Your Honor." *Id*. There was no further development of Appellee's assertion of possible innocence through his attorney. Instead, the trial court proceeded directly into a colloquy of Appellee, ensuring that his decision to seek withdrawal of his guilty plea was voluntarily, intelligently, and knowingly made. *Id*. at 4-7.

The Commonwealth objected to the plea withdrawal, asserting that the timing of it, coinciding with Appellee's review of the PSI addendum, meant that Appellee's assertion of innocence was merely pretextual. *Id*. at 7-8. In its view, Appellee was asking to withdraw his plea because he did not like the

---

[1] The addendums were necessary to correct an error in the time credit that Appellee had accumulated. The pre-sentence investigation report ("PSI"), recommended a sentence of 194 days to twenty-three months of incarceration. Originally, the report indicated that Appellant had 194 days of credit and should be paroled immediately. This was incorrect. Appellant was only entitled to eighteen days of credit. Thus, if the trial court followed the probation office's corrected recommendation, Appellant would be subjected to additional jail time.

probation department's sentence recommendation, not because he believed he was actually innocent. *Id*. at 8. However, the Commonwealth did not assert that it would be prejudiced by the withdrawal. The trial court overruled the Commonwealth's objection, and permitted Appellee to withdraw the plea. On March 18, 2020, the Commonwealth filed a motion for reconsideration. A hearing on the motion originally was scheduled for April 27, 2020. However, our Supreme Court declared a judicial emergency as a result of the COVID-19 pandemic and the courts were shut down. As a result, the hearing on the Commonwealth's motion for reconsideration was continued several times, before finally being cancelled after the Commonwealth filed the instant appeal.[2] Both the Commonwealth and the trial court have complied with the mandates of Pa.R.A.P. 1925.

The Commonwealth raises the following issue for our review:

Did the trial court abuse its discretion in granting [Appellee]'s motion to withdraw his plea after [Appellee] had entered an open plea to a misdemeanor of the second degree, then at sentencing sought to withdraw the plea upon learning that a sentence of incarceration was recommended in the pre-sentence investigation report and supplemental memoranda, then later made a bare assertion of innocence, thereby failing to provide a fair and just reason for withdrawing said plea.

---

[2] The Commonwealth's notice of appeal was filed on May 8, 2020. While normally the deadline for the Commonwealth to appeal would have been April 8, 2020, our Supreme Court's April 28, 2020 Emergency Order of Statewide Judicial Administration extended the filing deadline to May 11, 2020. We further note that the Commonwealth's notice of appeal included the necessary certification that the March 9, 2020 order "substantially handicap[ed] the prosecution." Pa.R.A.P. 311(d).

Commonwealth's brief at 7.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Elia***, 83 A.3d 254, 261 (Pa.Super. 2013).

> When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Absent an abuse of discretion, an appellate court should not disturb a trial court's ruling.

***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citations omitted).

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of plea of not guilty." Pa.R.Crim.P. 591(A). Our Supreme Court has long directed that such discretion should be exercised liberally in a defendants' favor, so long as a "fair-and-just reason" is offered, and withdrawal would not substantially prejudice the Commonwealth. ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973) (emphasis in original).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), our Supreme Court provided further guidance as to what qualifies as a "fair-and-just reason" in the context of innocence assertions. While the Court reaffirmed the ***Forbes*** liberal-allowance standard, it felt the need to correct the widely spread misconception that "a bare assertion of innocence" qualified as "a fair-and-just reason" to withdraw a guilty plea. *Id*. at 1292. Rejecting this *per se* approach, our Supreme Court explicitly held that "a bare assertion of innocence is **not**, in and of itself, a sufficient reason" to grant a defendant's motion to withdraw a guilty plea. *Id*. at 1285. Instead,

> A defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Id*. at 1292 (internal citation omitted). Thus, ***Carrasquillo*** established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Commonwealth v. Islas***, 156 A.3d 1185, 1190 (Pa.Super. 2017).

In applying the foregoing principles to this case, we agree with the Commonwealth and conclude that the trial court applied the incorrect standard for assessing assertions of innocence in pre-sentence guilty plea withdrawal

cases. Rather than following ***Carrasquillo's*** requirement, the trial court accepted a bare assertion of innocence as the grounds for withdrawal, which caused it to cut off any further assessment at the sentencing hearing. As a consequence, Appellee did not raise any facts or support any specific circumstances which could have provided a basis for the court to find a sincere or colorable claim of innocence. This is problematic because our Supreme Court has repeatedly stated that a bare assertion of innocence is insufficient to justify pre-trial withdrawal of a plea. ***See Carrasquillo***, ***supra***; ***Norton***, ***supra***.

Given the trial court's misapplication of the law, and the sparse factual record development as a result, we find that a remand for further development of the record is needed. Accordingly, we vacate the trial court's order granting Appellee withdrawal of his guilty plea and remand for a new hearing on the motion to withdraw Appellee's guilty plea. At the evidentiary hearing, Appellee will have the opportunity to substantiate his bare assertion of innocence so that it may rise to the level of a "colorable" or "plausible" claim of innocence. ***See Carrasquillo***, ***supra***. In return, the Commonwealth will have the option to rebut the same, in order to assist the trial court with the proper credibility determination.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/08/2021</u>