**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIQUE LAMAR SHUMATE | : | |
| | : | |
| Appellant | : | No. 1570 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 18, 2020,
in the Court of Common Pleas of Lebanon County,
Criminal Division at No(s):  CP-38-CR-0000514-2019.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: AUGUST 23, 2021**

Dominique Lamar Shumate appeals from the judgment of sentence imposed after he pled guilty to criminal attempt/criminal homicide, and related charges.[1]  After review, we affirm.

The pertinent procedural history and facts are as follows:

> On January 19, 2019, police were dispatched to 1140 Church Street just before 5:00 a.m. for reported gunshots and multiple victims.  Officers within the vicinity saw a vehicle on Church Street that was being operated without headlights.  Officers pursued the vehicle until it stopped, at which point three individuals fled.  [Shumate] was arrested at the scene and his Co-Defendants were arrested shortly thereafter.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 901 and 2501.

[Shumate's] trial was set to begin on Monday, August 24, 2020. However, [Shumate] decided by and through the advice of his attorney to submit a guilty plea on Friday, August 21, 2020. [Shumate] pled guilty at that time to all charges listed on the amended information. On August 28, 2020, [Shumate] filed a motion to withdraw his guilty plea which was denied by [the trial court] on September 1, 2020. [Shumate] was sentenced on November 18, 2020, to serve 17½ to 35 years [of] incarceration.

Trial Court Opinion, 5/22/21, at 1 (unnecessary capitalization omitted).

Shumate did not file a post-sentence motion. This timely appeal followed.

Both the trial court and Shumate complied with Pa.R.A.P. 1925.

Shumate raises the following issue on appeal:

I.    Did the trial court err and abuse its discretion in denying [Shumate's] motion to withdraw his guilty plea for any fair and just reason given that there was no substantial prejudice to the Commonwealth and the motion was filed prior to the imposition of sentence pursuant to Pa.R.Crim.P. 591(A)?

Shumate's Brief at 4.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Islas***, 156 A.3d 1185, 1187-88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa. R. Crim. P. 591(A).

Additionally, our Supreme Court has held that for pre-sentence withdrawal of a guilty plea, "the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." ***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973) (emphasis added). The court may schedule a hearing on the motion to withdraw. To warrant a hearing, however, a criminal defendant seeking to withdraw his guilty plea prior to sentence must first identify a fair and just reason to do so; only then does a court reach the issue of resulting prejudice to the Commonwealth. ***Forbes***, ***supra***.

Shumate argues that the trial court erred in denying the motion to withdraw his guilty plea because it failed to consider whether he had a fair and just reason to withdraw and because it failed to determine whether the Commonwealth was prejudiced by his request. Shumate's Brief at 11. Instead, according to Shumate, "the trial court merely deemed the guilty plea entered by [him] irrevocable without addressing the factors set forth in [***Forbes***, ***supra***]." ***Id.*** Shumate maintains that, because the court denied the motion to withdraw his guilty plea "without a hearing, any argument, or response from [the district attorney's office], [he] was denied the opportunity to create a record or to offer evidence of sincerity or plausibility of his assertion of innocence." ***Id.*** at 12.

Upon review of the record, we observe that Shumate never alleged his innocence in the motion to withdraw his guilty plea. Rather, the motion only

- 3 -

contained the following general statement: "[Shumate] has informed undersigned counsel that he now wants to withdraw his guilty plea and directed undersigned counsel to file the instant motion." Therefore, Shumate did not satisfy the requirement of identifying a "fair and just" reason to withdraw his guilty plea. As such, we cannot find that the trial court abused its discretion in denying Shumate's motion without a hearing; Shumate's allegation of no prejudice to the Commonwealth, under these facts, was irrelevant.

Additionally, the trial court determined that Shumate's guilty plea was irrevocable. We note that the ability to withdraw a guilty plea can be limited by terms of the guilty plea itself. *See Commonwealth v. Williams*, 198 A.3d 1181, 1183 (Pa. Super. 2018) (holding that the defendant's stipulation in his plea agreement, that the Commonwealth would be substantially prejudiced if he attempted to withdraw, was binding).

As part of his guilty plea colloquy, Shumate expressly agreed that he would not be allowed to withdraw the plea:

> THE COURT: Do you understand that since you are entering your plea here today and the trial was ready to begin on Monday, that you would not be permitted to withdraw your guilty plea?
>
> [Shumate:] Yes.

N.T., 8/21/20, at 10. Since he entered his plea just days before the scheduled trial, Schumate's plea included an agreement not to withdraw. Therefore, when he tried to withdraw the plea a week later, the trial court found that

- 4 -

Shumate was bound by his agreement and denied the motion. Notably, in his brief, Shumate never addresses his agreement not to withdraw his guilty plea. Under these circumstances, we find that the trial court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/23/2021