J-S41007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAWAN N. HINES :
:
Appellant : No. 814 EDA 2024

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003676-2019

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 26, 2024**

Kawan N. Hines (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of sexual assault.[1] We affirm.

The criminal complaint alleged as follows: Complainant told police that Appellant, her ex-boyfriend, came to her residence on November 26, 2018. Criminal Complaint, 5/2/19, Affidavit of Probable Cause at 1. Appellant asked Complainant to sit next to him on her sofa, then he grabbed her neck. *Id.* Complainant told Appellant "to get off of her," but he "reached and untied [her] pants." *Id.* She told him "to stop" and said "they were not going to have sex." *Id.* Appellant then choked Complainant and "pinned her on the sofa." *Id.* She told him to leave, but he "pulled down both of their pants and

_____

[1] 18 Pa.C.S.A. § 3124.1.

penetrated [her] vagina with his penis without her consent…." **Id.** Appellant then "choked [Complainant] and forced her to perform oral sex on him." **Id.** Appellant "ejaculated in [Complainant's] mouth…." **Id.** Afterward, Appellant "fell asleep on [C]omplainant's chest." **Id.**

On May 31, 2019, the Commonwealth filed an information charging Appellant with one count each of rape by forcible compulsion, involuntary deviate sexual intercourse (IDSI) by forcible compulsion, unlawful restraint—serious bodily injury, sexual assault, indecent assault by forcible compulsion, strangulation, rape by threat of forcible compulsion, IDSI by threat of forcible compulsion, indecent assault without consent, indecent assault by threat of forcible compulsion, and simple assault.[2]

Appellant requested continuances of his scheduled jury trial on three occasions between May 2022 and August 2023. The trial court granted the continuances, but noted the Commonwealth was ready to proceed. **See** Trial Court Docket, Entry Nos. 116, 123, 140. After Appellant's third continuance, the trial court rescheduled trial for November 6, 2023.

On that date, Appellant entered an open guilty plea to sexual assault. In exchange, the Commonwealth *nolle prossed* the remaining charges. In a written guilty plea colloquy, Appellant confirmed he was not "under the influence of medication, drugs, alcohol, or any substance that would prevent

_____

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 2902(a)(1), 3124.1, 3126(a)(2), 2718(a)(1), 3121(a)(2), 3123(a)(2), 3126(a)(1), 3126(a)(3), 2701(a)(1).

[him] from understanding" the proceedings. Written Guilty Plea Colloquy, 11/6/23, at 1. The trial court conducted an oral plea colloquy, during which Appellant again confirmed he was not under the influence of drugs or alcohol. N.T., 11/6/23, at 3. The Commonwealth recited the factual basis for the plea:

> If this case proceeded to trial, the Commonwealth would have called witnesses who would have testified that on November 26th of 2018[, at Complainant's residence, Appellant] had sexual intercourse with [Complainant], without her consent.

*Id.* at 6. The trial court asked Appellant, "Sir, are those the facts to which you are pleading guilty?" *Id.* Appellant answered, "Yes." *Id.*; *see also* Written Guilty Plea Colloquy, 11/6/23, at 6 (Appellant's acknowledgement that "[t]he facts of my case have been read to me…. I committed the crime[ of sexual assault], and that is why I am pleading guilty."). The trial court accepted Appellant's plea, ordered a pre-sentence investigation, and scheduled sentencing for January 18, 2024.

On January 17, 2024, Appellant filed a motion to withdraw his guilty plea. The motion alleged Appellant "asserts that he is actually innocent of the crimes charged." Motion to Withdraw Guilty Plea, 1/17/24, ¶ 3. On March 1, 2024, the trial court held a hearing on the motion. During the hearing, Appellant's counsel represented that Appellant "asserts his actual innocence[,] and he told me also that he was actually under the influence of some drugs when he entered the plea." N.T., 3/1/24, at 3. Appellant's counsel further indicated Appellant

just reiterated to me that he was trying to take the easy way out [in pleading guilty] before[,] when he was under the influence[. H]e just wanted to plead and get it over with and he is, in fact, innocent.

*Id.* at 7.

The Commonwealth argued Appellant's attempt to withdraw his plea was "a delay tactic." *Id.* at 5. The Commonwealth observed that the case had been pending for almost six years and Appellant had been in possession of complete discovery materials "the whole time." *Id.* at 6. The Commonwealth further noted Appellant had continued the trial three times, and had pled guilty on the fourth scheduled trial date, just as jury selection was about to begin. *Id.* at 4-5.

At the hearing's conclusion, the trial court denied Appellant's motion and proceeded to sentencing. The court imposed a sentence of 3 to 6 years' imprisonment, followed by 3 years' probation. Appellant's conviction also rendered him a Tier III offender under the Sexual Offender Registration and Notification Act, subjecting him to lifetime registration and reporting requirements. *See* 42 Pa.C.S.A. §§ 9799.14(d)(5), 9799.15(a)(3).

Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents a single question for our review: "Should Appellant's pre-sentence motion to withdraw guilty plea have been granted?" Appellant's Brief at 5.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Islas*, 156 A.3d

1185, 1187 (Pa. Super. 2017). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." **Commonwealth v. Norton**, 201 A.3d 112, 120 (Pa. 2019) (brackets and citation omitted). An abuse of discretion "will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (brackets and citation omitted).

Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A):

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 states, "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.**, Cmt.

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any "fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

***Commonwealth v. Forbes***, 299 A.2d 268, 271 (Pa. 1973) (citations omitted).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), our Supreme Court provided guidance regarding a trial court's proper exercise of discretion in ruling on pre-sentence motions to withdraw a plea. While affirming the "liberal allowance" standard, the Court acknowledged that its previous application of that standard "lent the [false] impression that [the] Court had required acceptance of a bare assertion of innocence as a fair-and-just-reason" for withdrawal, and led to a "legitimate perception of a *per se* rule" arising from the Court's prior decisions. ***Id.*** at 1292.

The ***Carrasquillo*** Court clarified that "**a bare assertion of innocence is not, in and of itself, a sufficient reason** to require a court to grant" a pre-sentence motion to withdraw. ***Id.*** at 1285 (emphasis added). Rather,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292.

The ***Carrasquillo*** Court recognized a trial court's discretion to assess the plausibility of an innocence claim, stating that "both the timing and the nature of the innocence claim, along with the relationship of that claim to the

strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1190 (discussing ***Carasquillo***).

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Norton***, 201 A.3d at 121; ***see also id.*** (stating that, in exercising its discretion over a pre-sentence motion to withdraw a guilty plea, a trial court must "make credibility determinations that are supported by the record").

Here, Appellant relies on his representations during the plea-withdrawal hearing "that he was innocent, and that he pled guilty to get it over with while under the influence of narcotics." Appellant's Brief at 6. Appellant argues

> [t]he mere fact that Appellant admitted guilt during a guilty plea colloquy cannot now be used to prevent his motion to withdraw. If that were true[,] then no one could ever withdraw a guilty plea, and the rules announced in ***Carrasquillo*** and ***Forbes*** would have no point[,] as they would never have to be applied.

***Id.*** at 7.

The Commonwealth counters that the trial court properly denied Appellant's motion to withdraw because Appellant failed to provide "a specific and plausible reason to justify the withdrawal of his plea." Commonwealth Brief at 5. The Commonwealth maintains Appellant's argument "amounted to nothing more than a bald assertion of innocence…." ***Id.***

The trial court determined Appellant "failed to provide a fair and just reason for withdrawing his plea." Trial Court Opinion, 3/28/24, at 4. Observing that a "mere assertion of innocence is not sufficient to permit a defendant to withdraw his guilty plea," the trial court concluded Appellant made "no colorable demonstration … that under the circumstances, … permitting withdrawal of his plea would promote fairness and justice." *Id.* (citations omitted).

The trial court considered "the totality of the circumstances surrounding" Appellant's plea, including his written and oral plea colloquies, his admission of guilt under oath, and his confirmation that he was not under the influence of drugs or alcohol. *Id.* at 4-6. Based in part on its own observations of Appellant during his plea hearing, the trial court found his later claim that he had been under the influence of drugs to be not credible. *Id.* at 6. The record supports the trial court's credibility determination, and it therefore is binding on this Court. *See Norton*, 201 A.3d at 121. Appellant's brief fails to address this credibility determination. *See generally* Appellant's Brief.

The trial court also found Appellant's belated assertion of innocence "insufficient to overcome [his prior] written and oral admission of guilt…." Trial Court Opinion, 3/28/24, at 5-6 (citing *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (observing that a defendant "who elects to plead guilty is bound by the statements he makes in open court while under

- 8 -

oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.")). ***But see Islas***, 156 A.3d at 1191 (holding that "a defendant's participation in a guilty plea may not be used to negate his later assertion of innocence when seeking to withdraw…. To conclude otherwise would convert the liberal-allowance standard into a rule of automatic denial."). We discern no abuse of discretion in this regard. Contrary to Appellant's argument, the trial court did not automatically deny Appellant's motion to withdraw merely because he had admitted guilt during his plea hearing. Rather, the trial court determined Appellant's "mere assertion of innocence" was "insufficient" under the circumstances. Trial Court Opinion, 3/28/24, 4-5. Appellant fails to identify any grounds for disturbing that determination.

Appellant does not explicitly argue that he had a fair and just reason to withdraw his plea. ***See Carrasquillo***, 115 A.3d at 1292; ***see generally*** Appellant's Brief. He does not assert that his innocence claim was "plausible," "sincere," or "colorable." ***Norton***, 201 A.3d at 121. Nor does he discuss "the nature of [his] innocence claim" or "the relationship of that claim to the strength of the government's evidence." ***Islas***, 156 A.3d at 1190. Appellant makes no attempt to portray his innocence claim as anything other than "a

bare assertion of innocence…." ***Carrasquillo***, 115 A.3d at 1285.[3]  Because "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw, ***id.***, we conclude the trial court did not abuse its discretion in denying Appellant's motion. Accordingly, Appellant's issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2024

---

[3] Appellant asserts his case is distinguishable from ***Carrasquillo*** on the grounds that Carrasquillo's innocence claim was based on "ridiculous … reasoning."  Appellant's Brief at 6-7; ***see also Carrasquillo***, 115 A.3d at 1287 (observing Carrasquillo's "claim of innocence" was "premised in part on an explanation that he had been framed in an elaborate scheme orchestrated by the Central Intelligence Agency…."). However, neither Appellant's brief nor the record below disclose **any** reasoning supporting Appellant's innocence claim.  ***See Norton***, 201 A.3d at 122 (holding trial court did not abuse its discretion in denying appellant's pre-sentence motion to withdraw his plea, where appellant "simply … present[ed] a bare assertion of innocence."); ***see also Islas***, 156 A.3d at 1189-90 (noting ***Carrasquillo***'s "unique facts" given "the defendant's 'bizarre' allegations of innocence.").