J-S39021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHOUPHET HOMESOMBATH | : | |
| | : | |
| Appellant | : | No. 131 MDA 2018 |

Appeal from the Judgment of Sentence November 10, 2014
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0003068-2010

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 07, 2018**

Phouphet Homesombath (Appellant) appeals from the trial court's denial of his motion to withdraw guilty plea.  Upon review, we affirm.

The trial court summarized the factual and procedural background, which has spanned several years, as follows:

> Under Docket Number CP-35-CR-0003068-2010, [Appellant] was charged with one (1) count of Corrupt Organization in violation of 18 Pa. C.S.A. § 911(b)(2), one (1) count of  Conspiracy - Possession With Intent to Deliver in violation of 18 Pa. C.S.A. § 903, two (2) counts of Possession With Intent to Deliver in violation of 35 P.S. § 780-113(a)(30), and one (1) count of Possession of Drug Paraphernalia in violation of 35 P.S. § 780-113(a)(32).  These charges stemmed from the execution of a search warrant by Scranton Police Special Investigations Division on October 28, 2010, after they received information that a package containing a large amount of marijuana would be delivered to a residence in Scranton.  Dinning, Affidavit of Probable Cause, October 28, 2010, at p.1.
>
> On April 11, 2011 [Appellant] entered a guilty to plea to one (1) count of Conspiracy and one (1) count of Possession With

Intent to Deliver. [Appellant] was represented by Attorney Ernest Preate from his Preliminary Hearing through the Guilty Plea.

On August 4, 2011, [Appellant], through his new counsel, Matthew Comerford, filed a Motion to Withdraw Guilty Plea. On January 6, 2012, following a hearing, this [c]ourt denied [Appellant's] Motion to Withdraw Guilty Plea. In the Order, this [c]ourt provided the following reasons for denying [Appellant's] Motion, including its finding that the assertion of innocence by [Appellant] was not credible and did not amount to a fair and just reason, the Commonwealth would suffer substantial prejudice, and that under the totality of the circumstances, including the numerous continuances of sentencing, that the Motion was merely a dilatory tactic. Thereafter, [Appellant] absconded or otherwise failed to appear for a period of time.

[Appellant] was subsequently apprehended and sentenced on November 10, 2014, to fourteen (14) to twenty-eight (28) months followed by four (4) years' Special Probation on the Conspiracy charge and thirty (30) to sixty (60) months' confinement followed by four (4) years' Special Probation on the PWID charge, consecutive; for an aggregate sentence of forty-four (44) to eighty-eight (88) months' confinement followed by eight (8) years' Special Probation.

On November 20, 2014, counsel for [Appellant] filed a Motion for Reconsideration of Sentence, which was denied by this [c]ourt on November 21, 2014. No direct appeal was filed.

On December 19, 2014, [Appellant] filed a *pro se* Petition for Post Conviction Relief. Thereafter, Attorney Terrence McDonald was appointed as PCRA counsel and supplemented the PCRA Petition on June 3, 2015, asserting additional claims including ineffectiveness against Attorney Matthew Comerford for failure to appeal the denial of [Appellant's] Motion to Withdraw Guilty Plea or appealing the sentence imposed.

A hearing was held on August 31, 2015, at which time both [Appellant] and Attorney Comerford testified that [Appellant] communicated his request for a direct appeal, but the appeal was not filed due to a dispute regarding payment.

On December 14, 2017, this [c]ourt granted the PCRA to the extent that it reinstated [Appellant's] right to direct appeal

*nunc pro tunc*, as the Petition both plead and proved that he was denied the opportunity to file a direct appeal.

As such, [Appellant] timely appealed in compliance with this [c]ourt's December 14, 2017, Order reinstating the right to appeal *nunc pro tunc*.

Trial Court Opinion, 3/16/18, at 1-3.

Appellant filed this appeal on January 12, 2018. The trial court ordered Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed his concise statement of errors complained of on appeal on February 5, 2015. The trial court filed its opinion on March 16, 2018.

Appellant presents a single issue for our review:

Whether the trial court committed an abuse of discretion in denying Appellant's presentence Motion to Withdraw Guilty Plea after Appellant provided a fair and just reason for withdrawing his plea and no substantial prejudice would befall the Commonwealth?

Appellant's Brief at 4.

We review a trial court's denial of a pre-sentence request to withdraw a guilty plea mindful of the following:

[W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

- 3 -

> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1285, 1291–92 (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa. Super. 2016), ***appeal denied***, 168 A.3d 1254 (Pa. 2017). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." ***Gordy***, 73 A.3d at 624 (citation omitted).

We note that, although it does not impact our disposition, Appellant petitioned to withdraw his guilty plea prior to the Pennsylvania Supreme Court's decision in ***Carrasquillo***. Our Supreme Court in ***Carrasquillo***, with reference to its prior decision in ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973), stated "there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***Carrasquillo***, 115 A.3d at 1291–1292. The Supreme Court observed that the "perfunctory fashion in which these principles were applied to the circumstances presented in ***Forbes,*** as well as in the ensuing decision

in [**Commonwealth v.**] **Woods**, 307 A.2d 880 [Pa. 1973)], also lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason." **Id.** at 1292. The Supreme Court then specifically held that a bare assertion of innocence is not a sufficient reason to require a court to grant such request.

Instantly, Appellant does not argue that he made a bare assertion of innocence. Rather, Appellant argues that he presented a fair and just basis to support the withdrawal of his guilty plea. He states that he "did not merely make a bare claim of innocence, but instead, under oath, he claimed that he was innocent of the charges, that he was not found to have drugs on his person, did not occupy or own the property where drugs were found, did not own the suitcase in which drugs were stored, and informed the court that he previously testified under oath that the suitcase with drugs did not belong to him." Appellant's Brief at 9. Appellant thus asserts that he "plausibly demonstrated a fair and just reason for withdrawal of his guilty plea." **Id.** Appellant further maintains that the Commonwealth failed to demonstrate that it would be substantially prejudiced by the withdrawal of his guilty plea.

Conversely, the Commonwealth counters that the trial court, "in its discretion, correctly found Appellant had not made a 'colorable demonstration, such that allowing the withdrawal of the plea would promote fairness and justice.'" Commonwealth Brief at 11. The Commonwealth additionally asserts that it would be "greatly prejudiced" because it allowed two of Appellant's co-defendants to plead guilty, and *nolle prossed* another co-defendant's charges,

after Appellant entered his plea and before Appellant filed his motion to withdraw the plea. *Id.* at 11. The Commonwealth states that as a result, it "lost all leverage it had over the co-defendants, placing the Commonwealth in a worse place than it would have been in prior to the Appellant pleading guilty." *Id.*

Our review of the record confirms that on April 6, 2011, Appellant pled guilty to conspiracy to commit possession with the intent to deliver, as well as possession with intent to deliver.[1] Sentencing was scheduled for July 5, 2011. Appellant requested a continuance and sentencing was re-scheduled for August 9, 2011. On August 2, 2011, Appellant filed another continuance motion, as well as his motion to withdraw the plea. The trial court held an evidentiary hearing on August 16, 2011 and August 19, 2011, when it heard argument as well as testimony.

On January 6, 2012, the trial court denied the motion. The trial court concluded that "the facts before this court reveal that based upon the totality of the circumstances, [Appellant] did not make a credible assertion of innocence and thus did not provide a fair and just reason to withdraw his guilty plea prior to sentencing." Order, 1/6/12, at 2. The trial court explained:

> Appellant's assertion [of innocence that was] invoked at the prospect of being sentenced . . . was anything but credible. Indeed, no sooner would the assertion be made than it would be completely contradicted by statements admitting guilt at [Appellant's] hearing of August 16, 2011 and August 19, 2011. During the hearing, [Appellant] made inconsistent statements

_____

[1] 18 Pa.C.S.A. § 903; 35 P.S. § 780-113(a)(30).

about his partnership with his co-defendant, Alfred Bachiller, as well as their plans to sell marijuana to establish a staffing agency. Specifically, [Appellant's] pre-sentence interviewer, Lisa White, corroborated [Appellant's] statements at the time of the extended hearing on August 19, 2011. Ms. White testified that [Appellant] provided facts beyond the affidavit of probable cause during the Pre-Sentence interview. She noted that [Appellant] admitted to his partnership with Alfred Bachiller and how he planned to fund the staffing agency with drug proceeds. As such, this Court finds that the statements made by both [Appellant] and Lisa White undermine the credibility of [Appellant's] assertion of innocence to the Court.

Specifically, this Court finds that [Appellant's] petition for withdrawal of his guilty plea was pretextual, and merely used as a dilatory tactic rather than as a lawful means to assert his innocence. *See Commonwealth v. Cole*, 564 A.2d 203 (Pa. Super. 1989) (a criminal defendant will not be permitted to play fast and loose with the guilty plea process in order to delay prosecution). This Court finds that [Appellant's] motion is founded upon a desire to delay sentencing rather than a sincere assertion of innocence. A review of the [Appellant's] prior record indicates that [Appellant] is no stranger to the criminal justice system and as such voluntarily, knowingly, and intelligently proffered a guilty plea on the date scheduled for his trial. The colloquy indicates that [Appellant] was able to understand the questions and answer them correctly; and that he both fully understood the questions as well as his decision to plead guilty. Accordingly, this Court holds that [Appellant's] assertion of innocence was contrived and falls short of a fair and just reason to warrant his withdrawal request.

Moreover, had [Appellant's] withdrawal request been permitted, the Commonwealth would have suffered substantial prejudice. In reliance upon [Appellant's] guilty plea, the Commonwealth negotiated two guilty pleas with [Appellant's] co-Defendants, Alfred Bachiller and Opal Robinson. Both co-Defendants, who were two key witnesses, pled on April 14, 2011 and were sentenced subsequently thereafter. In further reliance, the Commonwealth nolle-prossed the charges against a third co-Defendant, Pany Phommachanh. As a result of these events, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled. For example, while the three co-defendants are undoubtedly available in a technical sense, the reluctance of the three co-defendants to testify in a

manner that would cause incarceration of [Appellant] is evident, and significantly impairs the Commonwealth in this case.

*Id.* at 2-4.

Our review of the notes of testimony confirms Appellant's assertion that after entering his plea, he testified to being innocent, to not having drugs on his person, and not residing at the residence where drugs were found. N.T., 8/16/11, at 2-3. Appellant admitted that he was in a van where a suitcase containing drugs was discovered, but stated that the suitcase did not belong to him. *Id.* at 3.

However, Probation Officer Lisa Brudnicki testified that she interviewed Appellant after he entered his plea for the purpose of preparing a pre-sentence investigation report (PSI). Ms. Brudnicki averred that she and Appellant communicated clearly, and that when she reviewed the information about the marijuana as described in the affidavit of probable cause, Appellant understood it. N.T., 8/19/11, at 8. Ms. Brudnicki testified that Appellant told her he had a 10-year business relationship with his co-defendant, Al Bachiller, and that "Al proposed the idea of selling marijuana, and [Appellant] agreed to it." *Id.* at 9. The PSI was admitted into evidence. *Id.* at 10.

The final and third witness was Appellant's former attorney, Ernest Preate. Mr. Preate testified that Appellant told him "that he didn't have any knowledge" about the marijuana, but that after "the shock" of his co-defendants testifying against him at the suppression hearing, and upon conferring with Mr. Preate, Appellant entered his guilty plea. *Id.* at 16-18.

Thereafter, the trial court denied Appellant's motion, and determined that even under **Forbes**, Appellant did not have the absolute right to withdraw his plea. Citing **Commonwealth v. Tennison**, 969 A.2d 572 (Pa. Super. 2009), the court stated, "a mere assertion of innocence does not divest a judge of the discretion to weigh [Appellant's] sincerity according to the totality of the circumstances known to the judge." Order, 1/6/12, at 1. The court concluded that Appellant "did not make a credible assertion of innocence and thus did not provide a fair and just reason to withdraw his guilty plea prior to sentencing." **Id.** at 2.

The trial court also found that the Commonwealth would be substantially prejudiced by a withdrawal of Appellant's plea because "the reluctance of the three co-defendants to testify in a manner that would cause incarceration of [Appellant] is evident." **Id.** at 4. As previously noted, "in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" **Forbes**, 299 A.2d at 271 (citations omitted). "It is settled law that 'prejudice,' in the withdrawal of a guilty plea context, requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." **Blango**, 150 A.3d at 51, citing **Commonwealth v. Kirsch**, 930 A.2d 1282, 1286 (Pa. Super. 2007). **See also Gordy**, 73 A.3d at 624

("[P]rejudice is about the Commonwealth's ability to try its case, not about the personal inconvenience to complainants unless that inconvenience somehow impairs the Commonwealths prosecution."). We agree with the trial court that the Commonwealth would be prejudiced in this case. The record belies Appellant's assertion that the Commonwealth's claim of substantial prejudice "was not supported and amounted to mere speculation." Appellant's Brief at 10. Due to the two pleas and *nolle prosse* in the cases of Appellant's three co-defendants, the Commonwealth would clearly be in a worse position at trial. This Court recently addressed a similar scenario, stating:

> [W]e also agree with the trial court's finding that Appellant's guilty plea could not be withdrawn because the Commonwealth would suffer substantial prejudice from the withdrawal. As noted above, Appellant did not assert his alleged innocence until over two years after he entered his guilty plea; **in that time, his co-defendant . . . had already entered a guilty plea and had been sentenced. The trial court found that [the co-defendant's] lack of motivation to cooperate with the prosecution would severely prejudice the Commonwealth if it sought to try Appellant**.

***Commonwealth v. Davis***, 2018 PA Super 180 (June 22, 2018) (emphasis added).

In sum, we find no abuse of discretion by the trial court. The trial court's denial of Appellant's motion to withdraw his guilty plea is consistent with both the law and facts of record. The Honorable Michael J. Barrasse has presided in Appellant's case from its inception in 2010, through the present appeal. Judge Barrasse, now President Judge Barrasse, restated his rationale for denying Appellant's motion to withdraw his guilty plea:

Specifically, this [c]ourt found that [Appellant's] motion was founded upon a desire to delay sentencing rather than a sincere assertion of innocence. A review of [Appellant's] prior record indicated that [Appellant] is no stranger to the criminal justice system and as such voluntarily, knowingly, and intelligently proffered a guilty plea on the date scheduled for his trial. The colloquy indicated that [Appellant] was able to understand the questions and answer them affirmatively; and that he both fully understood the questions as well as his decision to plead guilty. Accordingly, this [c]ourt held that [Appellant's] assertion of innocence was contrived and falls short of a fair and just reason to warrant his withdrawal request.

Moreover, this [c]ourt found that, had [Appellant's] withdrawal request been permitted, the Commonwealth would have suffered substantial prejudice. In reliance upon the [Appellant's] guilty plea, the Commonwealth negotiated two guilty pleas with [Appellant's] co-defendants, Alfred Bachiller and Opal Robinson. Both co-defendants, who were two key witnesses set to testify against [Appellant], entered guilty pleas shortly after [Appellant] and were sentenced subsequently thereafter. In further reliance on [Appellant's] guilty plea, the Commonwealth *nolle prossed* the charges against the third co-defendant, Pany Phommachanh. As such, this [c]ourt determined that as a result of these events, the Commonwealth was placed in a worse position than it would have been had the trial taken place as originally scheduled; for example, while the three co-defendants would have been available in a technical sense, the reluctance of the three co-defendants to testify in a manner that would cause incarceration of [Appellant] is evident, and significantly impairs the Commonwealth in this case.

Trial Court Opinion, 3/16/16, at 7-8.

On this record, we discern no abuse of discretion by the trial court and therefore affirm the denial of Appellant's motion to withdraw his guilty plea.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2018