J-S46036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESLIE ELLIS | : | |
| | : | |
| Appellant | : | No. 949 EDA 2017 |

Appeal from the Judgment of Sentence, April 29, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0010565-2014.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 17, 2018**

Leslie Ellis appeals the judgment of sentence imposed following his conviction for third degree murder and related offenses.  He claims the trial court erred in denying his motion to withdraw his guilty plea.  We affirm.

On May 13, 2014, Ellis became involved in a physical altercation with Jonathan Perez and the victim, Craig Thomas.  Perez's parents intervened in the commotion and broke up the fight.  Once the men were separated, Ellis drew a concealed revolver and fired four times in Thomas's direction, striking Thomas once in the back.  Ellis fled from the scene and was arrested a few days later. At the time of this incident, Ellis was ineligible to possess a firearm because of a prior conviction for intent with possession to deliver. Ellis was charged with Thomas's murder and crimes, including possession of a firearm by a prohibited person.

Ellis waived his right to a jury trial on these charges. During the bench trial that began on July 20, 2015, the Commonwealth proved, through stipulated testimony of a medical examiner, that Thomas died as a result of the gunshot wound to his back.

On July 21, 2015, the second day of trial, Ellis elected to terminate the proceedings by pleading guilty to one count each of third degree murder (18. Pa.C.S.A. § 2502), possession of a firearm by a prohibited person (18 Pa.C.S.A. § 6105), and possessing an instrument of crime (18 Pa.C.S.A. § 907). The court found Ellis accepted the guilty plea of his own free will. N.T., 7/21/15, at 8-9. The court also found Ellis agreed to the substance of what happened on May 13, 2014, as presented by the prosecutor. *Id.* at 16-17, 18.

Prior to sentencing, Ellis filed *pro se* motions to withdraw his guilty plea and represent himself. On December 4, 2015, after a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the court granted defendant's motion to proceed *pro se*. On December 10, 2015, after an evidentiary hearing, the Court denied Ellis' motion to withdraw his guilty plea. At Ellis' request, the court appointed counsel to represent Ellis for purposes of sentencing.

At the sentencing hearing on April 29, 2016, the trial court imposed an aggregate sentence of twenty-two and a half to fifty years' incarceration at the state prison. Trial Court Opinion, 6/23/17, at 1.

Ellis filed an untimely motion for reconsideration on May 11, 2016, which was denied on May 23, 2016. Then, on February 2, 2017, Ellis filed a PCRA petition, through his counsel, seeking reinstatement of his appellate rights. On March 1, 2017, the court granted Ellis' PCRA petition and reinstated Ellis' direct appeal rights. Trial Court Opinion, 6/23/17, at 1-2. Ellis then appealed from the judgment of sentence entered by the Court in April 2016.

Ellis' sole issue raised on appeal is:

> A. Whether the court erred in denying [Ellis'] motion to withdraw his guilty plea prior to sentencing and where the Commonwealth would not be prejudiced?

Ellis' Brief at 5.

The standard of review we employ for challenges to a trial court's denial of a motion to withdraw a guilty plea is well settled. The trial court's decision to deny the motion will only be upset if the trial court committed an abuse of discretion. *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa. Super. 2013). Abuse of discretion must amount to more than an error in judgment and will not be found unless the trial court's judgment was manifestly unreasonable, or was the result of partiality, bias, or ill-will. *Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa. Super. 2003).

Generally speaking, Pennsylvania's Rules of Criminal Procedure give the trial court discretion to allow a criminal defendant to withdraw a guilty plea and substitute a not guilty plea "[a]t any time before the imposition of sentence." Pa.R.Crim.P. Rule 591(A). However, there is no absolute right to

withdraw a guilty plea. ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1285 (Pa. 2015)

Ellis relies on ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973) as the standard the court must follow when considering the withdrawal of a guilty plea. In ***Forbes,*** our Supreme Court used a two-prong test and allowed a defendant to withdrawal a guilty plea before sentencing so long as there was a fair and just reason and the Commonwealth would not suffer substantial prejudice. ***Id.*** at 271.

Our Supreme Court narrowed the first prong of that test in 2015, in the companion cases of ***Carrasquillo***, ***supra,*** and ***Commonwealth v. Hvizda***, 116 A.3d 1103 (Pa. 2015).[1] In ***Carrasquillo***, the court acknowledged that requiring any claim of innocence to serve as a basis for a pre-sentence withdrawal of a guilty plea was unsatisfactory because it did not allow the court to consider the underlying facts of the case. The court then concluded that "a bare assertion of innocence" was not, "in and of itself, a sufficient reason to require a court to grant a presentence request to withdraw a guilty plea." ***Carrasquillo***, 115 A.3d at 1285. Instead, the court held, a defendant must demonstrate that his claim of innocence is, at least, plausible under the facts of the case:

> [A] defendant's innocence claim must be at least plausible
> to demonstrate, in and of itself, a fair and just reason for
> presentence withdrawal of a plea. More broadly, the proper

---

[1] Neither of these cases addressed the second prong of the test, thus, the standard for that prong, announced in ***Forbes,*** remains intact.

- 4 -

> inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Id* at 1292 (internal citations omitted).

Here, the trial court concluded, that Ellis failed to meet both prongs of the two-prong test to withdraw his guilty plea: Ellis "failed to establish a fair and just reason for withdrawal, and the Commonwealth would have been substantially prejudiced had the motion been granted." Trial Court Opinion, 6/23/17, at 3.

With respect to the first prong, we find the trial court did not abuse its discretion. In his motion to withdraw his guilty, Ellis simply made a bare assertion of innocence. He did not present any evidence to support that his claim of his innocence was plausible under the facts; he simply stated that he did not "pull the trigger." N.T., 12/04/15, at 23. At the hearing on the motion, the Commonwealth presented a plethora of evidence which showed this was not a colorable claim. Mr. Peter Lim, the Assistant District Attorney, said that two individuals saw Ellis fire the gun, and these individuals had a clear view of Ellis at the time so there could be no mistaking his identity. N.T., 12/04/15, at 24.

Mr. Michael Giampietro, Ellis' public defender at the time the guilty plea was entered, also testified that Ellis initially wanted to claim that the shooting occurred in self-defense. As the trial court noted, this justification defense necessarily involved an admission that defendant did the killing, and squarely

contradicted Ellis's claim in his motion that he was not the shooter.  Trial Court Opinion, 6/23/17 at 4.

Giampietro testified that he told Ellis the claim of self-defense here was not workable; the victim was shot in the back from a distance too great for a self-defense claim to be successful.   Once Giampietro informed Ellis that self-defense would not be successful, Giampietro said Ellis then began claiming he was innocent and did not commit the shooting.   N.T., 12/10/15, at 32-33.

Additionally, Ellis gave an incriminating statement to police following the shooting, placing him at the scene in the location where Ellis said the shooter was positioned.   N.T., 12/10/15, at 34.   An additional witness for the Commonwealth also indicated that he saw Ellis running from the scene with his arm in such a way that he may have been carrying a firearm.  N.T., 12/10/15, at 34.

The trial court found Giampietro to be completely credible.   His testimony established that defendant was not coerced into pleading guilty and that his claim of innocence was completely implausible.  **_Compare Commonwealth v. Islas_**, 156 A3d 1185 (Pa. Super. 2017) (allowing the withdrawal of a guilty plea where the defendant proffered a colorable or plausible claim of innocence).   We find no abuse of discretion on the part of the trial court for denying Ellis' motion to withdraw his guilty plea, when Ellis offered no plausible claim of innocence.

Since Ellis did not meet the first prong of the two-part test for withdrawal of a guilty plea, we need not address the trial court's decision with respect to

the second prong of the test, i.e. whether the withdrawal would result in substantial prejudice to the Commonwealth. However, we will briefly address this issue only to the extent the court relied on **Commonwealth v. Whelan**, 392 A.2d 1363 (Pa. 1978) (plurality) **cert. denied**, **Whelan v. Pennsylvania**, 440 U.S. 926 (1979), to reach its conclusion that the Commonwealth would suffer prejudice if the withdrawal were allowed.

In deciding this issue, the trial court observed, "the defendant pled guilty on the second day of his trial, after the Commonwealth had made an opening statement and begun the presentation of evidence." Trial Court Opinion, 6/23/17 at 5. "Under these circumstances," the trial court held, "the Commonwealth has been substantially prejudiced by defendant's preview of its case." **Id.** (citing **Whelan**, 392 A.2d at 1364).

We note that **Whelan** was a plurality decision and therefore did not provide a bright line test for substantial prejudice. We remind the trial court that plurality opinions, by definition, establish no binding precedent for future cases. **See e.g., Commonwealth v. Bethea**, 828 A.2d 1066, 1073 (Pa. 2003); **Hoy v. Angelone**, 720 A.2d 745, 750 (Pa. 1998); **see also Interest of O.A.**, 717 A.2d 490, 496 n. 4 (Pa. 1998) (Opinion Announcing Judgment of Court by Cappy, J.) ("While the ultimate order of a plurality opinion, *i.e.* an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority.") A court may rely on a plurality decision as

persuasive authority. Here, it is not clear from the citation whether the trial court relied on **Whelan** as binding or persuasive authority.

In **Whelan**, the defendant was charged with criminal homicide. After a week of jury trial, where the Commonwealth had placed its case in chief into evidence and Whelan and his co-defendant had placed their cases into evidence, Whelan pleaded guilty to the charge of being an accessory to murder. Whelan later sought to withdraw his guilty plea. Under those facts, a plurality of the Supreme Court stated "[a]appellant pleaded guilty after the Commonwealth presented its case. When a defendant pleads guilty after the Commonwealth has commenced its case, we hold that the Commonwealth will be substantially prejudiced" if the defendant is allowed to withdraw his plea. **Whelan**, 392 A.2d at 1364. Although the language of Whelan seems to adopt a bright line test that prejudice occurs "after the Commonwealth has commenced its case," under the facts, the Commonwealth had actually concluded its entire case.

Again, we need not, and therefore will not, decide the merits of this issue. We simply remind the trial court that plurality decisions are not binding authority.

In sum, we find no abuse of discretion on behalf of the trial court in denying Ellis' motion to withdraw his guilty plea because Ellis offered no plausible claim of innocence. The court's judgment was manifestly reasonable under the circumstances, and was not motivated by partiality, bias or ill-will.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/18