J-S04036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOSEPH LAWLER | : | |
| | : | |
| Appellant | : | No. 1700 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 24, 2019
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000220-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 27, 2020**

Michael Joseph Lawler (Appellant) appeals from the judgment of sentence imposed after he pled guilty to three counts of criminal trespass, 18 Pa.C.S.A. § 3503.  Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On January 11, 2018, Appellant entered an open guilty plea to three counts of criminal trespass.  On February 21, 2018, upon motion by the Commonwealth, the Department of Corrections (the Department) took Appellant into custody to determine his eligibility for a State Intermediate Punishment (SIP) program.  On September 28, 2018, the Department determined that Appellant was ineligible for entry into SIP.  On January 24,

2019, Appellant appeared for sentencing before the trial court. At sentencing, Appellant orally requested to withdraw his guilty plea based on the Department's determination that he was ineligible for participation in an SIP program. The trial court denied Appellant's request and sentenced him to 78 to 188 months of incarceration, with credit for time served.

On March 26, 2019, Appellant, although still represented by counsel, filed an untimely *pro se* notice of appeal. Thereafter, Counsel filed a motion seeking to reinstate Appellant's appeal rights *nunc pro tunc*, which the trial court granted on June 3, 2019. On June 11, 2019, Counsel filed a timely notice of appeal. On December 4, 2019, this Court dismissed Appellant's *pro se* appeal as duplicative of Appellant's counselled appeal. **See Commonwealth v. Lawler**, 1130 EDA 2019. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On December 5, 2019, Counsel filed an **Anders** brief, in which he argues that Appellant's appeal is frivolous and requests permission from this Court to withdraw as counsel. Appellant filed a *pro se* response to Counsel's **Anders** brief, seeking the appointment of new counsel or ordering Counsel's continued representation on appeal; Appellant did not raise any additional claims. **See** Appellant's *Pro Se* Response to **Anders** Brief, 12/17/19, at 2.

At the outset, we note there are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel

on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized the requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to the content of an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw.

- 3 -

*Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the above requirements, it is then this Court's duty to conduct review of the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Motion for Leave to Withdraw as Counsel, 12/5/19, at ¶ 3. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 6-8, 11-16. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Motion for Leave to Withdraw as Counsel, 12/5/19, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* We thus proceed to review the merits of the claims raised.

Counsel's *Anders* brief raises four issues for our review (reordered for ease of discussion):

- 4 -

1. Did the trial court err in denying Appellant's Motion to Withdraw Guilty Plea?

2. Did the trial court err in ordering an excessive sentence, given the background of the Appellant in this matter?

3. Did the trial court err in failing to find the Department of Corrections wrongfully denied the Appellant's entry into the State Intermediate Punishment Program?

4. Did the trial court err in failing to dismiss the case based upon the Department of Corrections' determination of entry into the State Intermediate Punishment Program not being completed within prescribed time limits?

*Anders* Brief at 5 (suggested answers omitted).

In his first issue, Appellant challenges the trial court's denial of his pre-sentence motion to withdraw guilty plea. We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017).

Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which states:

(A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides that "[a]fter the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." *Id.*, Cmt.

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts

is fairness and justice. If the trial court finds "any fair and just reason," withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been "substantially prejudiced."

**Commonwealth v. Forbes**, 299 A.2d 268, 271 (Pa. 1973) (citations omitted).

In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court provided additional guidance as to the proper exercise of a court's discretion in ruling on pre-sentence motions to withdraw a plea. While reaffirming the "liberal allowance" standard, the Court acknowledged that its previous application of that standard had "lent the [false] impression that [the] Court had required acceptance of a bare assertion of innocence as a fair-and-just-reason" for withdrawal and led to a "legitimate perception of a *per se* rule" arising from the Court's prior decisions. **Id.** at 1292. In clarifying the standard, the **Carrasquillo** Court held that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. **Id.** at 1285. Rather, the Court concluded:

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Id.** at 1292. The **Carrasquillo** Court established that trial courts possess discretion to assess the plausibility of a defendant's claim of innocence; in

- 6 -

doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *See Islas*, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

> Instantly, Appellant expressed his desire to withdraw his plea as follows:

> . . . I wish to withdraw my plea because I'm looking for the chance to help myself, not, I don't even know how to say it. I want to do better in life, Your Honor. I don't want to sit here for the next ten years of my life incarcerated and get out and be a violent felon and I have learned absolutely nothing because they don't offer the type of programs that you need to rehabilitate yourself. The [State Intermediate Punishment (SIP)] was the only chance that I had for rehabilitation purposes and that's why I took the plea that I did was for the S.I.P. Program so I could better myself and perhaps be an asset to the community instead of being a liability and it just didn't work out that way, Your Honor.

N.T., 1/24/19, at 5.

In denying Appellant's request, the trial court specifically found that Appellant did not offer a fair and just reason for withdrawal of his plea. Rather, the trial court noted that Appellant "stated on the record that his reasons for wishing to withdraw his guilty plea were to 'do better in life,' and that the state correctional institutions 'do not offer programs to rehabilitate,' and that he 'took the plea for SIP.'" Trial Court Opinion, 7/17/19, at 5. Appellant made

no assertion of innocence and did not contend that his guilty plea was unknowing, involuntary, or unintelligent. Thus, the trial court denied relief.

Based upon our review of the certified record, we agree with the trial court's determination that Appellant's reasons for wanting to withdraw his guilty plea did not satisfy the standard articulated in *Carrasquillo*. Appellant's desire to withdraw his guilty plea because he was denied admittance into an SIP program does not constitute a fair and just reason for withdrawal. Accordingly, the trial court did not abuse its discretion.

In his second issue, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."

*Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Our review reveals that Appellant failed to raise his discretionary sentencing issue in a post-sentence motion or at sentencing. Accordingly, Appellant's objection to the discretionary aspects of his sentence is waived. *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa. Super. 2011) (failure to raise discretionary aspects of sentence claim in post-sentence motion or by presenting the claim during sentencing proceedings is waived).

In his third issue, Appellant asserts that he was wrongfully denied admittance into the State Intermediate Punishment program.[1] Appellant was denied Appellant admittance into the SIP program due to an outstanding warrant from a magisterial district judge; however, Appellant avers that his guilty plea made him an eligible offender, *see* 61 Pa.C.S.A. § 4103, and thus the Department erred in denying his participation.

The SIP Drug Offender Treatment Program (DOTP) is a two-year program designed to rehabilitate inmates convicted of drug-related offenses,

---

[1] "State intermediate punishment" is a statutorily authorized sentencing alternative. 42 Pa.C.S.A. § 9721(a)(7). The General Assembly has directed the Department to "establish and administer a drug offender treatment program as a State intermediate punishment." 61 Pa.C.S.A. § 4105(a). The Department established its Drug Offender Treatment Program (DOTP) by regulation as a form of State Intermediate Punishment to provide a sentencing alternative for individuals who commit drug-related offenses. 61 Pa. Code § 97.101.

who have an addiction to drugs or alcohol. 61 Pa.C.S.A. §§ 4102-4108. The program addresses "the individually assessed drug and alcohol abuse and addiction needs of a participant" and "other issues essential to the participant's successful reintegration into the community." 61 Pa.C.S.A. § 4105(a). An individual is eligible for State Intermediate Punishment if he or she has been convicted of a drug-related offense,[2] and:

> (1) Has undergone an assessment performed by the Department of Corrections, which assessment has concluded that the defendant is in need of drug and alcohol addiction treatment and would benefit from commitment to a drug offender treatment program[3] and that placement in a drug offender treatment program would be appropriate.
>
> (2) Does not demonstrate a history of present or past violent behavior.
>
> (3) Would be placed in the custody of the department if not sentenced to State intermediate punishment.

---

[2] A "drug-related offense" is "[a] criminal offense for which a defendant is convicted and that the court determines was motivated by the defendant's consumption of or addiction to alcohol or a controlled substance, counterfeit, designer drug, drug, immediate precursor or marijuana, as those terms are defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act." 61 Pa.C.S.A. § 4103. Here, Appellant broke into cabins across northern Wayne County and stole $35,000 in goods. Appellant testified that he sold the goods and "purchased around $500 for food, and the remaining amount went towards buying Methamphetamine and Heroin." N.T., 1/24/19, at 8. The trial court determined that "the addiction is what drives [Appellant] to commit crimes." *Id.*

[3] "Drug offender treatment program" (DOTP) is "[a]n individualized treatment program established by the Department consisting primarily of drug and alcohol addiction treatment that satisfies the terms and conditions in section 9905 of the act [at 42 Pa.C.S.A. Chapter 99] (relating to drug offender treatment program)." 37 Pa. Code § 97.102.

> (4) Provides written consent permitting release of information pertaining to the defendant's participation in a drug offender treatment program.

61 Pa.C.S.A. § 4103 (emphasis added). A defendant is ineligible for State Intermediate Punishment if he or she is subject to a sentence which includes an enhancement for use of a deadly weapon; has been convicted or adjudicated delinquent of a crime requiring registration as a sexual offender; or has a current or prior conviction for specified offenses, none of which are applicable to Appellant. 61 Pa.C.S.A. § 4103.

Placement in State Intermediate Punishment requires several steps. First, the sentencing court must determine whether an individual qualifies for placement. If so, the sentencing court refers the matter for an evaluation by the Department. 61 Pa.C.S.A. § 4104(a)(1). Second, "[t]he Department will conduct a risk assessment and assess the addiction and other treatment needs of" the individual. 37 Pa. Code § 97.104(a). The Department, in its evaluation, considers the following criteria:

> (1) Information furnished to the Department by the sentencing court.[4]

> (2) The results of the assessment of addiction and other treatment needs conducted by the Department.

_____

[4] The sentencing court provides the Department with a summary of the criminal defendant's offense; information relating to the criminal defendant's history of criminality and drug or alcohol abuse or addiction; the presentence investigation report; and any other information the sentencing court believes is relevant. 61 Pa.C.S.A. § 4104(a)(2).

- 11 -

(3) The length of the sentence that would be typically imposed under the standard range of the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing.

(4) The eligible offender's motivation to participate meaningfully in a DOTP.

(5) Whether the eligible offender has provided to the Department written consent permitting the release of information pertaining to the eligible offender's participation in a DOTP.

(6) The eligible offender's criminal history.

(7) The eligible offender's escape or parole absconder history.

(8) The eligible offender's institutional adjustment during current and prior incarcerations.

(9) The availability of the Department's programming resources.

37 Pa. Code § 97.106(a). Where the Department, "in its discretion," believes the criminal defendant's placement in these programs is appropriate, it prepares a drug treatment program plan for the individual and provides it to the sentencing court. 61 Pa.C.S.A. § 4104(c); 37 Pa. Code § 97.104(b). Upon receipt of a drug treatment program plan, the court may sentence an individual to State Intermediate Punishment. 61 Pa.C.S.A. § 4104(d). Where the Department determines that the criminal defendant will not benefit from a drug treatment program or that placement in a drug treatment program is not appropriate, it provides a report setting forth the reasons for its determination to the sentencing court. 37 Pa. Code § 97.104(b).

Whether an individual would benefit from a drug offender treatment program and whether his or her placement in a drug treatment plan would be

appropriate are matters committed to the Department's discretion. Section 4104(c) of the Prisons and Parole Code states:

> **If the department in its discretion** believes a defendant would benefit from a drug offender treatment program and placement in the drug offender treatment program is appropriate, the department shall provide the court, the defendant, the attorney for the Commonwealth and the commission with a proposed drug offender treatment program detailing the type of treatment proposed.

61 Pa.C.S.A. § 4104(c) (emphasis added).  Likewise, the statute does not "[c]onfer any legal right upon any individual ... to ... participate in a drug offender treatment program[.]"  61 Pa.C.S.A. § 4108(1)(i); *see also* 37 Pa. Code § 97.106(b) ("An eligible offender does not have a right to placement in a DOTP.").

As outlined above, Appellant does not have a statutory right to participation in an SIP program.  *See* 61 Pa.C.S.A. § 4108(1)(i); 37 Pa. Code § 97.106(b).  The Department possesses the discretion to admit an inmate, regardless of their eligibility and offender status.  Accordingly, the Department did not abuse its discretion in denying Appellant admission into an SIP program based on an outstanding warrant from a magisterial district judge.

In his fourth and final issue, Appellant challenges the Department's failure to provide the trial court with its assessment report within 60 days of Appellant's commitment to the Department, as prescribed by statute.  *See* 37 Pa. Code § 97.104 (b) ("The Department will provide a report of its assessment to the court, the defendant, the attorney for the Commonwealth

- 13 -

and the Sentencing Commission within 60 days of the commitment of the defendant to the Department for purposes of evaluation."). "Appellant believes that his case should have been dismissed due to the failure of [the Department] to render a report within 60 days of his commitment to the state system." *Anders* Brief at 15.

Appellant fails to cite any authority, and our research does not reveal any authority, to support a dismissal of charges when the Department fails to provide a report of its assessment within the statutorily defined 60 days. While we do not condone the delay, Chapter 97 does not provide for a remedy. *See Benson ex rel. Patterson v. Patterson*, 830 A.2d 966, 968 (Pa. 2003) ("[I]t is not the role of the judiciary to legislate changes the legislature has declined to adopt."). Appellant's fourth issue is without merit.

Finally, our independent review reveals no other non-frivolous issues that Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2020